Christopher J. Rillo (SBN 112009)
christopher.rillo@bakerbotts.com
Alison Karol Sigurdsson (SBN 308043)
alison.sigurdsson@bakerbotts.com
Raerani Reddy (SBN 340475)
rani.reddy@bakerbotts.com
Catherine Scott (SBN 334420)
catherine.scott@bakerbotts.com
BAKER BOTTS L.L.P.
101 California Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

Counsel for Sunnova Energy Corp.

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

JOSE MARTINEZ, individually and on behalf of others similarly situated,

Plaintiff,

v.

SUNNOVA ENERGY CORP., a corporation; and DOES 1 through 10, inclusive,

Defendants.

Case No.: 2:24-cv-09960-MRA-MAR

**DEFENDANT SUNNOVA ENERGY CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND PAGA ACTION**

Date: February 3, 2025
Time: 1:30 p.m.
Courtroom: 10B
Judge: Mónica Ramírez Almadani

## TABLE OF CONTENTS

Page


I. INTRODUCTION .......... 1
II. BACKGROUND .......... 1
III. LEGAL STANDARD .......... 3
IV. ARGUMENT .......... 5
A. The Amount in Controversy is Well Over $75,000. .......... 5
1. The PAGA Penalties and attorney's fees put $868,625 in controversy. .......... 5
a. Plaintiff's Complaint puts PAGA penalties for [19] alleged Labor Code violations in controversy .......... 6
b. The statute of limitations is an affirmative defense that cannot be used to artificially reduce the amount in controversy, and thus [69] pay periods are used to calculate the amount in controversy. .......... 8
c. Plaintiff concedes that 100 percent of potential penalties are in controversy. .......... 9
d. Plaintiff's alleged PAGA penalties put $694,900 in controversy. .......... 10
**i** Allegations of Failure to Pay Overtime: California Labor Code sections 204, 510, 1194 and 1198 put $158,700 in controversy. .......... 10
**ii** Allegations of Failure to Provide Meal Periods: California Labor Code sections 226.7 and 512(a) puts $131,100 in controversy. .......... 11
**iii** Failure to Provide Rest Periods: California Labor Code sections 226.7 and 512 put $131,100 in controversy. .......... 11
**iv** Plaintiff's allegations of Failure to Pay Minimum Wages under California Labor Code sections 1194, 1197, 1197.1 and 1198. puts $96,450 in controversy. .......... 12
**v** Failure to Timely Pay Wages Upon Termination: Labor Code sections 201 and 202 put $27,600 in controversy. .......... 12
**vi** Failure to Timely Pay Wages During Employment: Labor Code section 204 places at least $13,800 in controversy. .......... 13
**vii** Failure to Provide Complete and Accurate Wage Statements: California Labor Code section 226(a)

places at least $68,250 in controversy. ........................... 13

viii Failure to Keep Complete and Accurate Payroll Records: California Labor Code section 1174(d) places at least $500 in controversy. .......................................... 14

ix Failure to Reimburse Necessary Business-Related Expenses and Costs: Plaintiff's California Labor Code sections 2800 and 2802 claims place at least $27,600 in controversy. ................................................................... 14

x Plaintiff also alleges violations of and requests penalties pursuant to Labor Code sections 203, 226.8, and 351 placing at least $39,800 in controversy. ........... 15

e. Attorney's fees place at least $173,725 in controversy. ........... 15

2. Plaintiff's Complaint does not Limit Recovery to PAGA Penalties, and his Requests for Additional Recovery Not Available in a PAGA Action Put at Least an Additional $210,639.86 in Controversy. ........ 16

3. Plaintiff Splits His Claims in Bad Faith to Expand His Recovery. .... 17

B. This Court Should Decline to Hear Plaintiff's Motion to Remand for Failure to Follow Local Rule 7-3. ................................................................ 21

V. CONCLUSION ........................................................................... 22

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ariola v. Raytheon CA Techs. Corp.*,
No. CV234664MWFAGRX, 2023 WL 5764296 (C.D. Cal. Sept. 6, 2023) .....18

*Caliber Bodyworks, Inc. v. Super. Ct.*,
134 Cal. App. 4th 365 (2005) ........16

*Canela v. Costco Wholesale Corp.*,
971 F.3d 845 (9th Cir. 2020) ........9

*Carter v. Jai-Put Enter. Inc.*,
No. 18-CV-06313-DMR, 2022 WL 1637212 (N.D. Cal. May 24, 2022), amended in part, No. 18-CV-06313-DMR, 2022 WL 4371503 (N.D. Cal. Sept. 21, 2022)12, 13

*Chavez v. Time Warner Cable LLC*,
No. CV 12-5291-RGK (RZX), 2016 WL 1588096 (C.D. Cal. Apr. 20, 2016) .18

*Coffin v. Magellan HRSC, Inc.*,
No. 19-CV-2047-BAS-NLS, 2020 WL 773255 (S.D. Cal. Feb. 18, 2020)6, 18, 19

*Cram v. Electronic Data Systs. Corp.*,
2008 WL 115438 (S.D. Cal. January 8, 2008) ........4

*Culley v. Lincare Inc.*,
236 F. Supp. 3d 1184 (E.D. Cal. 2017) ........11

*Estrada v. Royalty Carpet Mills, Inc.*,
15 Cal. 5th 582, 541 P.3d 466 (2024)........9

*et seq. Jose Martinez v. Sunnova Energy Corp., et al.*,
Case No. 24STCV28059 (L.A. Super. Ct.) ........2

*Evers v. La-Z-Boy Inc.*,
2022 WL 2966301 (S.D. Cal. July 27, 2022)........4

*Evers v. La-Z-Boy Incorporated*,
2022 WL 4379311 (S.D. Cal. Sept. 22, 2022) ........18

*Freeman v. Blue Ridge Paper Prod., Inc.*,
551 F.3d 405 (6th Cir. 2008) .......... 18, 19

*Greene v. Harley-Davidson, Inc.*,
965 F.3d 767 (9th Cir. 2020) .......... 8, 9

*Guglielmino v. McKee Foods Corp.*,
506 F.3d 696 (9th Cir. 2007) .......... 3

*Harris v. KM Indus., Inc.*,
980 F.3d 694 (9th Cir. 2020) .......... 4

*Hernandez v. Towne Park, Ltd.*,
2012 WL 2373372 (C.D. Cal. 2012) .......... 6

*Jasso v. Money Market Express, Inc.*,
2012 WL 699465 (N.D. Cal., Mar. 1, 2012) .......... 3

*Jose Martinez v. Sunnova Energy Corp.*,
Case No. 2:24-cv-06346-MRA-MAR (C.D. Cal) .......... 1

*Jose Martinez v. Sunnova Energy Corp.*,
Case No. 2:24-cv-09960-MRA-MAR .......... 1

*Jose Martinez v. Sunnova Energy Corp., et al.*,
Case No. 24STCV16061 (L.A. Super. Ct.) .......... 1

*Korn v. Polo Ralph Lauren Corp.*,
536 F. Supp. 2d 1199 (E.D. Cal. 2008) .......... 4

*LaCross v. Knight Transp. Inc.*,
775 F.3d 1200 (9th Cir. 2015) .......... 4

*Lara v. Trimac Transp. Servs. (Western), Inc.*,
2010 WL 3119366 (C.D. Cal. Aug. 6, 2010) .......... 9

*Lewis v. Verizon Commc'ns, Inc.*,
627 F.3d 395 (9th Cir. 2010) .......... 3, 4

*Olson v. Michaels Stores, Inc.*,
2017 WL 311711 (C.D. Cal. Aug. 2, 2017) .......... 15

*Pulera v. F & B, Inc.*,
No. 2:08-- cv--00275--MCE--DAD, 2008 WL 3863489 (E.D. Cal. Aug.19, 2008) 7

*Rea v. Michaels Stores Inc.*,
742 F.3d 1234 (9th Cir. 2014) .......... 3

*Roth v. Comerica Bank*,
799 F. Supp. 2d 1107 (C.D. Cal. 2010) .......... 4

*Salazar v. PODS Enterprises, LLC*,
2019 WL 2023726 (C.D. Cal. 2019) .......... 7

*Salazar v. PODS Enters., LLC*,
No. EDCV 19-260-MWF, 2019 U.S. Dist. LEXIS 78001 (C.D. Cal. May 8, 2019) 7

*Sanchez v. Monumental Life Ins. Co.*,
102 F.3d 398 (9th Cir. 1996) .......... 3

*Simmons v. PCR Technology*,
209 F.Supp.2d 1029 (N.D. Cal. 2002) .......... 7

*Singer v. Live Nation Worldwide, Inc.*,
No. SACV 11-0427 .......... 21

*Site Mgmt. Sols., Inc. v. TMO CA/NV, LLC*,
No. CV 10-08679 MMM .......... 19

*Smith v. Brinker Intern., Inc.*,
No. C 10--0213 VRW, 2010 WL 1838726 (N.D. Cal. May 5, 2010) .......... 7

*Steenhuyse v. UBS Fin. Servs., Inc.*,
317 F. Supp. 3d 1062 (N.D. Cal. 2018) .......... 10, 11, 12, 13, 14

*Tanoh v. Dow Chemical Co.*,
561 F.3d 945 (9th Cir.2009) .......... 19

*Taylor v. Interstate Grp., LLC*,
No. 15-CV-05462-YGR, 2016 WL 861020 (N.D. Cal. Mar. 7, 2016) .......... 10, 12

*Villacres v. ABM Indus. Inc.*,
189 Cal. App. 4th 562, 117 Cal. Rptr. 3d 398 (2010) .......... 14

*ZB, N.A. v. Superior Ct.*,
8 Cal. 5th 175, 448 P.3d 239 (2019) .......... 12, 16

**STATUTES**

28 U.S.C. § 1332 .......... 1, 3

28 U.S.C. §1441 .......... 1

Cal. Labor Code § 203 .......... 14

Cal. Labor Code § 204 .......... 10

Cal. Labor Code § 210 .......... 10, 13

Cal. Labor Code § 226.3 .......... 13

Cal. Labor Code § 226.7 .......... 11

Cal. Labor Code § 226.8 .......... 15

Cal. Labor Code § 351 .......... 15

Cal. Labor Code § 354 .......... 15

Cal. Labor Code § 512 .......... 11

Cal. Labor Code § 558 .......... 10, 11, 16

Cal. Labor Code § 1174 .......... 14

Cal. Labor Code § 1174.5 .......... 14

Cal. Labor Code § 1194 .......... 10, 11

Cal. Labor Code § 1197.1 .......... 12

Cal. Labor Code § 1198 .......... 10, 12

Cal. Labor Code § 2699 .......... 6, 7, 10, 12, 13, 14, 15, 16

Cal. Labor Code § 2699.5 .......... 14

**OTHER AUTHORITIES**

California Code of Regulations Title 8 section 11010 .......... 16

## I. INTRODUCTION

Plaintiff Jose Martinez's ("Plaintiff" or "Martinez") Motion to Remand ("Motion") obfuscates the actual amount in controversy for purposes of avoiding federal court jurisdiction. Dkt. No. 16. Two related actions filed by Plaintiff are currently pending before this Court: (1) *Jose Martinez v. Sunnova Energy Corp.*, Case No. 2:24-cv-06346-MRA-MAR (C.D. Cal), June 26, 2024 ("Class Action"); and (2) the instant action, *Jose Martinez v. Sunnova Energy Corp*., Case No. 2:24-cv-09960-MRA-MAR, October 25, 2024 ("PAGA Action"). In both actions, Plaintiff alleges virtually identical Labor Code violations stemming from Plaintiff's employment at Defendant Sunnova Energy Corporation ("Sunnova") from January 2020 through September 2023. This Court has already denied Plaintiff's motion to remand the Class Action.[1] Class Action, Dkt. No. 25. Plaintiff's motion to remand the PAGA Action should also be denied because jurisdictional diversity exists, the amount in controversy exceeds $75,000, and Plaintiff has split his claims in bad faith. Sunnova respectfully requests that this Court deny Plaintiff's motion to remand. Dkt. No. 16-1[2] ("Mot.")

## II. BACKGROUND

On June 26, 2024, Plaintiff filed his class action complaint in Los Angeles Superior Court, *Jose Martinez v. Sunnova Energy Corp*., *et al*., Case No. 24STCV16061 (L.A. Super. Ct.), June 26, 2024, alleging nine causes of action based on seventeen Cal. Labor Code violations and a violation of the Cal. Business & Professions Code. *See generally*, Class Action, Dkt. No. 1 at Exhibit A ("Class Action Compl.").

---

[1] Sunnova disputes that it has committed any of the labor violations alleged in Plaintiff's Complaint and maintains that it has no liability to Plaintiff. For purposes of removal and calculating the amount in controversy, however, Sunnova must look to Plaintiff's Complaint, which gives rise to an inference that Plaintiff is alleging a 100% violation rate of the wage and hour laws at issue. In his Motion to Remand, Plaintiff overlooks many of his pleaded claims that if proven would give rise to monetary penalties and has undercalculated the attorney's fees that must be attributed to him for purposes of the amount in controversy. Sunnova's correction of these failings is meant to elucidate the amount in controversy under the preponderance of the evidence standard and is not an admission of any liability.

[2] Unless otherwise noted, citations to docket entries are to the PAGA Action.

On July 26, 2024, Defendant removed the Class Action to federal court on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441 *et seq*. *Id.*, Dkt. No. 1. On July 30, 2024, the case was assigned to the Hon. Mónica Ramírez Almadani. *Id.*, Dkt. No. 2. On August 26, 2024, Plaintiff moved to remand the Class Action on the basis that the amount in controversy did not exceed $75,000, (*id.*, Dkt. No. 10), which Sunnova opposed, (*id.*, Dkt. No. 12). On November 25, 2024, this Court held that the amount in controversy is $118,526.93 and denied Plaintiff's motion to remand the Class Action. *Id.*, Dkt. No. 25. Discovery is ongoing in the Class Action. *See* Declaration of Christopher J. Rillo ("Rillo Decl.") ¶ 5.

On October 25, 2024, while his motion to remand the Class Action was pending, Plaintiff filed a second action in Los Angeles Superior Court, this time a Private Attorney General Action ("PAGA") under California Labor Code § 2687 *et seq*. *Jose Martinez v. Sunnova Energy Corp., et al.*, Case No. 24STCV28059 (L.A. Super. Ct.), October 25, 2024. This action involves the same underlying parties, (Dkt. No. 1 at Ex. A ("Compl.") ¶¶ 20-21; *cf.* Class Action Compl. ¶¶ 17-18) and alleged the same Labor Code violations as the Class Action, (Compl. ¶¶ 50-58; *cf.* Class Action Compl. ¶¶ 43-110).

On November 18, 2024, Sunnova removed the PAGA Action to federal court on the basis of diversity jurisdiction, (Dkt. No. 1 ("NOR")), and filed a notice of related cases, (Dkt. No. 3). On December 12, 2024, this Court ordered the cases be transferred to its calendar because the two cases "[c]all for determination of the same or substantially related or similar questions of law and fact," (Dkt. No. 13). Following the Court's reasoning, on December 20, 2024, Sunnova filed a motion to consolidate the two cases, which remains pending. Class Action, Dkt. No. 29.

On December 13, 2024, Plaintiff informed Sunnova of his intent to remand the PAGA Action. Mot. at 9. On December 18, 2024, Plaintiff filed the instant motion. PAGA Action, Dkt. No. 16. In the motion, Plaintiff does not dispute that there exists

complete diversity of citizenship[3] between the parties. *See generally*, Mot. at 6–9. Rather, he attests that the amount in controversy is not met because he seeks a mere $1,200, although the complaint contains no such limitation. It is as extensive, and consequently as expensive, as the related wage and hour action. Mot at 9. This Court found that Plaintiff's allegations in the Class Action complaint put a minimum of $118,526.93 in controversy. Class Action, Dkt. No. 25 at 10 (order denying motion to remand).

Contrary to Plaintiff's arguments, Plaintiff's PAGA complaint does not limit requested recovery to the civil penalties afforded under PAGA. Rather, the prayer for relief asks for general recovery in the form of "penalties under [numerous California statutes]," (Compl. ¶ 59), and "civil penalties and wages," (Compl. ¶ 63, Prayer for Relief). Plaintiff's attestation that he seeks $1,200, (Mot. At 9), or that his total sought recovery would not exceed $75,000, (Compl. ¶ 3), is false. Plaintiff filed no declaration limiting his total recovery to $75,000 or less; rather, his civil cover sheet attached to his complaint alleges that the amount in controversy exceeds $35,000 and that the relief requested is, as a result, "unlimited." *See* Ex. 1 to Rillo Decl., Civil Cover Sheet.

## III. LEGAL STANDARD

To remove a matter in cases of diversity, there must be complete diversity between the parties (which is conceded and the amount in controversy must exceed, by a preponderance of the evidence, the jurisdictional minimum of $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, S. Ct. 547, 553–54 (2014); 28 U.S.C. § 1332(a). It is the removing party's burden to establish the amount in controversy; however, when a plaintiff alleges that the amount is less than the jurisdictional minimum, and the allegations in the complaint are ambiguous as to the amount in controversy, the removing party need show only that the amount in controversy "more

[3] Sunnova, a corporation, is incorporated under the State of Delaware and its principal place of business is in Houston, Texas. Rillo Decl. ¶ 3. Plaintiff, an individual, resides in Los Angeles, California. Compl. ¶ 7. Thus, the Complaint alleges complete diversity.

likely than not" exceeds the jurisdictional minimum. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Jasso v. Money Market Express, Inc.*, 2012 WL 699465 (N.D. Cal., Mar. 1, 2012).

In other words, the removing party need only to establish "that the potential damage could exceed the jurisdictional amount." *Rea v. Michaels Stores Inc*., 742 F.3d 1234, 1239 (9th Cir. 2014) (quoting *Lewis v. Verizon Commc'ns, Inc*., 627 F.3d 395, 397 (9th Cir. 2010). Nor is the removing party "obligated to 'research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008) (citations omitted); *Cram v. Electronic Data Systs. Corp.*, 2008 WL 115438, at *2 (S.D. Cal. January 8, 2008); *Lewis*, 627 F.3d at 400 (a defendant need not prove its own liability); *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1117 (C.D. Cal. 2010) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint.").

Instead, defendants may rely on reasonable assumptions to show the amount in controversy, particularly where the Complaint lacks specific factual allegations. *Harris v. KM Indus., Inc.*, 980 F.3d 694, 701 (9th Cir. 2020) ("a defendant may rely on reasonable assumptions ... [and] need not make the plaintiff's case for it"); *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015) (defendants can rely on "a reasonable chain of logic").

Finally, a notice of removal must only "contain[ ] a short and plain statement of the grounds for removal." *Evers v. La-Z-Boy Inc.*, 2022 WL 2966301, at *4-6 (S.D. Cal. July 27, 2022). After a plaintiff moves to remand, a defendant may then submit additional facts and evidence, clarify or re-estimate the amounts in controversy, and fix "'defective' allegations of jurisdiction previously made." *Id.* (finding that defendants can submit additional facts and evidence when "appropriately responding to. . . new

standards and new methods for supporting their claims at a later point in th[e] litigation."); *Dart,* 574 U.S. 81, 88–89 (2014).

## IV. ARGUMENT

### A. The Amount in Controversy is Well Over $75,000.

Plaintiff's Motion to Remand is an obvious act of gamesmanship designed to obscure the actual amount in controversy for purposes of avoiding federal court jurisdiction. Plaintiff's artificial valuation of $1,200 (Mot. at 9) is based on three faulty premises.

**First,** Plaintiff incorrectly contends that he is entitled to just one penalty per pay period, when in fact he would be entitled to penalties for *each* underlying Labor Code violation occurring during the relevant pay periods which puts, at minimum, $868,625 in controversy.

**Second**, Plaintiff contends that Defendant improperly relied on the damages in the Class Action rather than his PAGA Complaint to value the amount in controversy. Mot. at 6. This is incorrect; the Complaint is not a stand-alone PAGA action; rather, it explicitly asks for adjudication and recovery for the underlying Labor Code claims *in addition to* the civil penalties allowed by PAGA. In his prayer for relief, Plaintiff seeks the same damages as pleaded in the Class Action that was removed to this Court.

**Third,** Plaintiff claims that filing this duplicative lawsuit in State Court after removal of his Class Action is not improper claim splitting. However, the timing and filing of the PAGA Action evidence Plaintiff's bad faith attempt to avoid federal jurisdiction and expand recovery. To rectify this, the Court should aggregate the amounts in controversy and consolidate the suits in response to Defendant's separately filed Motion to Consolidate. *See* Dkt. No. 29.

#### 1. The PAGA Penalties and attorney's fees put $868,625 in controversy.

Even if this Court does not aggregate the damages with the Class Action, as calculated below, *see infra* IV(A)(1)(d-e), the amount in controversy for the PAGA

penalties alone is **$694,900** and **$868,625** with attorney's fees, well over the $75,000 threshold. Plaintiff incorrectly alleges that the total amount of PAGA penalties in controversy is $1,200. Mot. at 9. This calculation is based on two legal errors. Plaintiff wrongly asserts that (1) there is only a single code violation that can be penalized; and (2) that the calculations are limited to 6 pay periods. In reality, the Complaint puts in controversy PAGA penalties for at least **[19] code violations**, and for a **minimum of [69] pay periods**. As Plaintiff concedes in his motion, 100 percent of these PAGA penalties are in controversy.

**a. Plaintiff's Complaint puts PAGA penalties for [19] alleged Labor Code violations in controversy.**

PAGA civil penalties are calculated pursuant to the Labor Code. Where a civil penalty is not already provided in the Labor Code, PAGA imposes a default civil penalty of up to $200[4] "for each aggrieved employee per pay period for each subsequent violation." Cal. Lab. Code § 2699(f).

Plaintiff's assertion that he can recover only $1,200 for his discrete PAGA penalties is at best miscalculated and at worst a baldfaced attempt to obscure the true amount in controversy solely for purposes of the instant Motion. Plaintiff asserts in his Motion that because there is but one "single PAGA cause of action," only one civil penalty of $200 is calculated for each of six pay periods. Mot. at 8:5-8, 9:1-7; *see also* Rauchwerger Decl., ¶ 3. This calculation ignores the expansive list of civil penalties requested in the Complaint. Plaintiff's calculation contradicts existing authority which holds that, for purposes of determining the amount in controversy, the court should include all potential penalties that could be assessed on all underlying alleged Labor Code violations, "i.e., that multiple PAGA penalties can be assessed for the same pay period for different Labor Code violations." *Hernandez v. Towne Park, Ltd.*, 2012 WL 2373372, at *17 n. 77 (C.D. Cal. 2012); *see Coffin*, No. 19-cv-2047-BAS-NLS at *11

[4] Plaintiff concedes that the amount in controversy should be calculated using the heightened default penalty of $200. Mot. at 9:4-6.

("For purposes of calculating the maximum amount in controversy… PAGA penalties may be stacked for each of the four Labor Code violations applicable to her individual claim[.]").

This aggregation prevents Plaintiffs from "us[ing] PAGA civil penalties as both a sword and a shield by requesting in [their Complaint] that PAGA penalties be awarded for each...[cause] of action, and then arguing that Defendant cannot aggregate PAGA penalties alleged…." *Schiller*, 2010 WL 2793650 at *6 (E.D. Cal. July 14, 2010) (explaining that by seeking PAGA penalties on multiple claims, the plaintiff put all of those penalties at issue for purposes of calculating the amount in controversy); *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002); *Pulera v. F & B, Inc.*, No. 2:08-- cv--00275--MCE--DAD, 2008 WL 3863489, at * 2-3 (E.D. Cal. Aug.19, 2008) (aggregating all penalties); *Smith v. Brinker Intern., Inc.*, No. C 10--0213 VRW, 2010 WL 1838726, at * 2-6 (N.D. Cal. May 5, 2010).). Courts have reasoned that, although it is "highly unlikely" for a PAGA plaintiff to eventually "recover PAGA penalties for each separate type of Labor Code violation," such recovery is "possible" and therefore in controversy. *Salazar v. PODS Enterprises, LLC*, 2019 WL 2023726, at *5-6 (C.D. Cal. 2019).

Where a plaintiff pleads multiple Labor Code violations as a basis for a PAGA claim, at least one PAGA penalty is recoverable for each alleged code violation for every pay period. *Salazar v. PODS Enters., LLC*, No. EDCV 19-260-MWF (KKx), 2019 U.S. Dist. LEXIS 78001, at *16-17 (C.D. Cal. May 8, 2019) ("[B]ecause Plaintiff requests PAGA penalties be awarded for each of his claims, he has placed multiple PAGA penalties in controversy for the purposes of the Complaint."). Additionally, a court may aggregate multiple penalties under a single alleged Labor Code section violation where the plaintiff alleges that the section was violated in multiple ways even in the same pay period. *Id.* at *5-6.

Here, Plaintiff alleges, at minimum, 9 general categories of labor allegations and

[19] discrete[5] violations of the Labor Code: (1) Failure to Pay Overtime under §§ 204, 510, 1194 and 1198, (Compl. ¶ 50); (2) Failure to Provide Meal Periods under §§ 226.7 and 512(a), (*id.* ¶ 51); (3) Failure to Provide Rest Periods under §§ 226.7 and 512. (*id.* ¶ 52); (4) Failure to Pay Minimum Wages under §§ 1194, 1197, 1197.1 and 1198, (*id.* ¶ 53); (5) Failure to Timely Pay Wages Upon Termination under §§ 201 and 202, (*id.* ¶ 54); (6) Failure to Timely Pay Wages During Employment under § 204, (*id.* ¶ 55); (7) Failure to Provide Complete and Accurate Wage Statements under § 226(a), (*id.* ¶ 56); (8) Failure to Keep Complete and Accurate Payroll Records under §1174(d), (*id.* ¶ 57); and (9) Failure to Reimburse Necessary Business-Related Expenses and Costs under §§ 2800 and 2802, (*id.* ¶ 58). As calculated below, the amount in controversy for these claims is **$868,625**. *See infra* IV(A)(1)(d-e).

**b. The statute of limitations is an affirmative defense that cannot be used to artificially reduce the amount in controversy, and thus [69] pay periods are used to calculate the amount in controversy.**

Plaintiff contends that Sunnova's notice of removal improperly considers PAGA penalties that accrue outside the one-year statute of limitations and for the first time contends that only six pay periods are at issue for calculating the amount in controversy. Mot. at 9:2-4.

This contention is an obvious attempt to obscure the true amount in controversy set forth in the Complaint, which expressly seeks recovery for, at minimum, violations that occurred *throughout Plaintiff's full time of his employment*. Compl. ¶¶ 15, 20, 26-44 (alleging the violations of each section of the labor code occurred "[t]hroughout the time period involved in this case"), 49.

Next, Plaintiff does not and cannot provide any authority for the proposition that his claims should be limited post-removal. Indeed, Plaintiff's application of the statute

[5] Stacking is allowed where, as here, a plaintiff alleges the violations occurred knowingly or willfully. (Cal. Lab. Code § 2699(i)); *see also*, *e.g.*, Compl. ¶ 44 (alleging that Defendant "willfully, knowingly, and intentionally" failed to pay wages to Plaintiff); *id.* ¶ 1 (alleging that Defendant's "policy, practice, and/or procedure" caused certain violations of the Labor Code).

of limitations to limit the amount in controversy is improper because the statute of limitations is an affirmative defense and cannot be used to "whittle[] down" the amount in controversy . *Gutierrez*, 2017 WL 599412 at *15; *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 (9th Cir. 2020) (finding that "it was improper for the district court to consider [defendant's] potential statute of limitations affirmative defense in determining the amount in-controversy" because the "strength of any defenses indicates the *likelihood* of the plaintiff prevailing" and "the amount in controversy represents only the "amount at stake in the underlying litigation," not the likely liability") (additional citations omitted); *Lara v. Trimac Transp. Servs. (Western), Inc.*, 2010 WL 3119366, at *3 (C.D. Cal. Aug. 6, 2010); Class Action, Dkt. No. 25 at 8 (finding that statute of limitations cannot be used to "whittle down the amount in controversy" and refusing to apply Plaintiff's proposed one-year limitation). Determining at this early stage that Sunnova will successfully assert a statute of limitations defense would "improperly decide[] the merits of the case before [the court] could determine if it had subject matter jurisdiction." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 (9th Cir. 2020) (declining to consider a statute of limitations argument in ruling on a motion to remand).

Plaintiff was paid biweekly and received at least 69 paychecks. Rillo Decl. ¶ (There were 24 pay periods per year), 8; NOR ¶ 10; Ex. 1 to Rillo Decl., January 22, 2021 Earnings Statement; Ex. 2 to Rillo Decl., June 22, 2022 Earnings Statement; Ex. 3 to Rillo Decl., January 6, 2023 Earnings Statement. Thus, any of Plaintiff's PAGA penalties should be multiplied by the full potential recovery of 69 pay periods to determine the amount in controversy before any potential affirmative defenses are considered, *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 (9th Cir. 2020)[6].

**c. Plaintiff concedes that 100 percent of potential penalties are in controversy.**

[6] A PAGA plaintiff may also seek penalties for violations involving aggrieved employees other than the PAGA plaintiff. *Estrada v. Royalty Carpet Mills, Inc.*, 15 Cal. 5th 582, 599, 541 P.3d 466, 473 (2024).

Plaintiff concedes that 100 percent of potential penalties attributable to his claims, including the amount that would presumably be paid to the state, is counted for purposes of calculating the amount in controversy. Mot. at 9:4-6 (basing his calculations of the amount in controversy on the "assum[ption] that the Court should include the 75% paid to the state"); *see also*, *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 850 (9th Cir. 2020), (declining to apply a 75% discount to the amount of default PAGA penalties when calculating the amount in controversy for purposes of deciding a motion to remand, and instead valuing the PAGA claims by the total amount the defendant would be required to pay).

Adopting Plaintiff's own valuation that each alleged default violation under section 2966(f) is computed at $200 per pay period (based on a malicious, fraudulent, or oppressive violation) for purposes of the amount of controversy, (Mot. at 9:4-7), the PAGA penalties alone put the amount in controversy at **$694,900**.

**d. Plaintiff's alleged PAGA penalties put $694,900 in controversy.**

**i** Allegations of Failure to Pay Overtime: California Labor Code sections 204, 510, 1194 and 1198 put $158,700 in controversy.

Plaintiff first asserts he is entitled to penalties for alleged violations of **Labor Code §§ 204, 1198**. Compl. ¶ 50; *id*. at 14:25-26. Such penalties are calculated under Cal. Lab. Code § 2699(f), which provides for a default civil penalty of $200 for each aggrieved employee per pay period for malicious, fraudulent, or oppressive violation of a labor code provision without a civil penalty. *See* Cal. Lab. Code § 210; *Van Steenhuyse*, 317 F. Supp. 3d at 1073 n.6. These alleged violations therefore place at least $27,600 in controversy **§ 204** [$200 × 69 pay periods] + **§ 1198** [$200 × 69 pay periods].

Plaintiff also asserts violations of **Labor Code sections 510 and 1194.** PAGA penalties for sections 510 and 1194 are $50 per violation per pay period for the initial violation and $100 for subsequent violations. Cal. Lab. Code § 558; *see also Steenhuyse*

*v. UBS Fin. Servs., Inc.*, 317 F. Supp. 3d 1062, 1072 (N.D. Cal. 2018); *Taylor v. Interstate Grp., LLC*, No. 15-CV-05462-YGR, 2016 WL 861020, at *5 (N.D. Cal. Mar. 7, 2016) (providing example application of formula). Plaintiff's section 510 and 1194 allegations therefore place at least $131,100 in controversy **§ 510** [$50 + $100(9)] * 69] + **§ 1194** [$50 + $100(9)] * 69].

The total amount in controversy for failure to pay overtime is $158,700.[7]

**ii** <u>Allegations of Failure to Provide Meal Periods: California Labor Code sections 226.7 and 512(a) puts $131,100 in controversy.</u>

PAGA penalties for meal break violations of **Labor Code § 512** and **§ 226.7** are valued at $50 per violation per pay period for the initial violation and $100 for subsequent violations. Cal. Lab. Code § 558; *see also Culley v. Lincare Inc.*, 236 F. Supp. 3d 1184, 1195 (E.D. Cal. 2017); *Steenhuyse v. UBS Fin. Servs., Inc.*, 317 F. Supp. 3d 1062, 1072 (N.D. Cal. 2018).

Plaintiff's section 512 claim places at least $65,550 in controversy [$50 + $100(9)] * 69] and his section 226.7 claim places at least $65,550 in controversy [$50 + $100(9)] * 69].

The total amount in controversy for failure to provide meal periods is $131,100.[8]

**iii** <u>Failure to Provide Rest Periods: California Labor Code sections 226.7 and 512 put $131,100 in controversy.</u>

PAGA penalties for rest break claims under **Labor Code § 512** and **§ 226.7** are valued at $50 per violation per pay period for the initial violation and $100 for subsequent violations. *See supra* IV(A)(1)(d)(ii).

Plaintiff's section 512 claim places at least $65,550 in controversy [$50 + $100(9)] * 69] and his section 22.6 claim places at least $65,550 in controversy [$50 +

[7] Even assuming Plaintiff's proposed 6 pay periods and a $100 default PAGA penalty as the minimum, the total amount in controversy for Labor Code §§ 204, 510, 1194 and 1198 is $12,600.

[8] Even calculating the amount in controversy based on Plaintiff's proposed 6 pay periods and a $100 minimum default PAGA penalty, the total amount in controversy for Labor Code §§ 226.7 and 512(a) is $11,400.

$100(9)] * 69].

The total amount in controversy for failure to provide rest periods is $131,100.

**iv** Plaintiff's allegations of Failure to Pay Minimum Wages under California Labor Code sections 1194, 1197, 1197.1 and 1198. puts $96,450 in controversy.

PAGA penalties for violations of **Labor Code § 1194** are valued at $50 per violation per pay period for the initial violation and $100 for subsequent violations. Cal. Lab. Code § 558. *Steenhuyse v. UBS Fin. Servs., Inc.*, 317 F. Supp. 3d 1062, 1072 (N.D. Cal. 2018); *Taylor v. Interstate Grp., LLC*, No. 15-CV-05462-YGR, 2016 WL 861020, at *5 (N.D. Cal. Mar. 7, 2016). This claim therefore places at least $65,550 in controversy [$50 + $100(9)] * 69].

**Labor Code § 1197.1** provides for civil penalties of $100 for each underpaid employee, and penalties of $250 for each subsequent violation, for failure to pay an employee at least the minimum wage. *ZB, N.A. v. Superior Ct.*, 8 Cal. 5th 175, 186, 448 P.3d 239, 244 (2019); Cal. Lab Code § 1197.1(a)(1)-(2). This claim therefore places at least $17,100 in controversy ($100 × 1 pay periods + $250 x 68 pay periods = $17,100).

Cal. Lab. Code § 2699(f)'s default $200 penalty applies for violations of **Labor Code §1198**. *See Van Steenhuyse*, 317 F. Supp. 3d at 1073 n.6. Plaintiff's allegation of a section 1198 violation therefore places at least $13,800 in controversy [$200 x 69 pay periods].

The total amount in controversy based on Plaintiff's allegations of failure to pay minimum wages is $96,450.[9]

**v** Failure to Timely Pay Wages Upon Termination: Labor Code sections 201 and 202 put $27,600 in controversy.

[9] Even calculating the amount in controversy based on Plaintiff's proposed 6 pay periods and a $100 minimum default PAGA penalty, the total amount in controversy for Labor Code §§ 1194, 1197, 1197.1 and 1198 is $7,650.

Cal. Lab. Code § 2699(f)'s default $200 penalty applies for violations of Labor Code §§ 201 and 202. *See Carter v. Jai-Put Enter. Inc.*, No. 18-CV-06313-DMR, 2022 WL 1637212, at *29 (N.D. Cal. May 24, 2022), amended in part, No. 18-CV-06313-DMR, 2022 WL 4371503 (N.D. Cal. Sept. 21, 2022). Plaintiff therefore places at least $[$13,800] in controversy [$200 x 69 pay periods] for § 201 and $[13,800] in controversy [$200 x 69 pay periods] for § 202.

The total amount in controversy for failure to timely pay wages upon termination is $27,600.[10]

**vi** Failure to Timely Pay Wages During Employment: Labor Code section 204 places at least $13,800 in controversy.

Cal. Lab. Code § 2699(f)'s default $200 penalty applies for violations of Labor Code § 204. *See Cal. Lab. Code § 210; Van Steenhuyse, 317 F. Supp. 3d at 1073 n.6.* Plaintiff's section 204 claim therefore places at least $[13,800] in controversy [$200 x 69 pay periods].

The total amount in controversy for failure to timely pay wages during employment is $13,800.[11]

**vii** Failure to Provide Complete and Accurate Wage Statements: California Labor Code section 226(a) places at least $68,250 in controversy.

Wage statement penalties are recoverable as civil penalties under the PAGA, valued at $250 per initial violation "and one thousand dollars ($1,000) per employee for each violation in a subsequent citation." *See* Cal. Lab. Code § 226.3. *Carter v. Jai-Put Enter. Inc.*, No. 18-CV-06313-DMR, 2022 WL 1637212, at *27 (N.D. Cal. May 24, 2022), amended in part, No. 18-CV-06313-DMR, 2022 WL 4371503 (N.D. Cal.

---

[10] Even calculating the amount in controversy based on Plaintiff's proposed 6 pay periods and a $100 minimum default PAGA penalty, the total amount in controversy for Labor Code §§ 201 and 202 is $1,200.

[11] Even calculating the amount in controversy based on Plaintiff's proposed 6 pay periods and a $100 minimum default PAGA penalty, the total amount in controversy for Labor Code § 204 is $600.

Sept. 21, 2022). Plaintiff's claims under section 226(a) therefore place at least $[68,250] in controversy [($250 x 1) + ($1000 x 68 pay periods].

The total amount in controversy for failure to provide complete and accurate wage statements is $68,250.[12]

**viii** Failure to Keep Complete and Accurate Payroll Records: California Labor Code section 1174(d) places at least $500 in controversy.

PAGA penalties are available for violations of Labor Code § 1174(c) and (d). Cal. Lab. Code § 2699.5. The penalty for a willful violation of those provisions is $500. Cal. Lab. Code § 1174.5. Plaintiff's claim under section 1174(d) therefore places at least $500 in controversy.[13]

**ix** Failure to Reimburse Necessary Business-Related Expenses and Costs: Plaintiff's California Labor Code sections 2800 and 2802 claims place at least $27,600 in controversy.

Cal. Lab. Code § 2699(f)'s default $200 penalty applies for violations of Labor Code §§ 2800 and 2802. *Villacres v. ABM Indus. Inc.*, 189 Cal. App. 4th 562, 580, 117 Cal. Rptr. 3d 398, 412 (2010); *see Van Steenhuyse*, 317 F. Supp. 3d at 1073 n.6. Plaintiff's claim under section 2800 places at least $13,800 in controversy [$200 x 69 pay periods] and his claim under section 2802 places $13,800 in controversy [$200 x 69 pay periods].

The total amount in controversy for failure to reimburse necessary business-related expenses and costs is $27,600.[14]

---

[12] Even calculating the amount in controversy based on Plaintiff's proposed 6 pay periods and a $100 minimum default PAGA penalty, the total amount in controversy for Labor Code § 226(a) is $5,250.

[13] Even calculating the amount in controversy based on Plaintiff's proposed 6 pay periods and a $100 minimum default PAGA penalty, the total amount in controversy for Labor Code § 1174(d) is $500.

[14] Even calculating the amount in controversy based on Plaintiff's proposed 6 pay periods and a $100 minimum default PAGA penalty, the total amount in controversy for Labor Code §§ 2800 and 2802 is $1,200.

- x Plaintiff also alleges violations of and requests penalties pursuant to Labor Code sections 203, 226.8, and 351 placing at least $39,800 in controversy.

Cal. Lab. Code § 2699(f)'s default $200 penalty applies for violations of Labor Code § 203. Plaintiff's 203 claim therefore places at least $13,800 in controversy [$200 x 69 pay periods].

PAGA penalties are also available for violations of Labor Code § 226.8. A practice of these violations is subject to not more than a $25,000 penalty for each violation. Cal. Lab. Code § 226.8. The Complaint alleges no facts concerning Plaintiff's section 226.8 claim. Conservatively assuming one violation, this claim puts an additional $25,000 in controversy.

A $1000 penalty applies for violations of Labor Code § 351. Cal. Lab. Code § 354. The Complaint alleges no facts concerning Plaintiff's section 351 claim. Conservatively assuming one violation for plaintiff, this claim puts $1000 in controversy.

The total amount in controversy for violations of Labor Code § 203, 226.8, and 351 is conservatively $39,800.[15]

**e. Attorney's fees place at least $173,725 in controversy.**

Courts in the Ninth Circuit have held that "removing defendants can reasonably assume plaintiffs are entitled to attorney[s'] fees valued at approximately 25% of projected damages." *Olson v. Michaels Stores, Inc.*, 2017 WL 311711, at *3 (C.D. Cal. Aug. 2, 2017). Plaintiff concedes that attorney fees are included in the calculation of the amount in controversy. The total valuation of the underlying claims is **$694,900**. Thus, attorney's fees are $694,900/4 = $173,725, putting the total amount in controversy at **$868,625**, far more than the threshold of $75,000. Including the

[15] Even calculating the amount in controversy based on Plaintiff's proposed 6 pay periods and a $100 minimum default PAGA penalty, the total amount in controversy for Labor Code Labor Code § 203, 226.8, and 351 is $26,600.

additional $210,639.86 for the underlying Class Action claims as described *supra*, the full amount in controversy is **$1,079,264.68**.

2. Plaintiff's Complaint does not Limit Recovery to PAGA Penalties, and his Requests for Additional Recovery Not Available in a PAGA Action Put at Least an Additional $210,639.86 in Controversy.

Plaintiff's contrived valuation of $1,200 based on one default civil penalty per pay period under Cal. Labor Code § 2699(f) is at odds with the allegations in his Complaint that unambiguously expand recovery to include wages and other penalties.

PAGA permits an "aggrieved employee" to recover "civil penalties" from his or her employer for violations of the California Labor Code that could be imposed by the LWDA. Cal. Lab. Code § 2699(a). PAGA provides for expressly denominated "civil penalties," not statutory penalties or such other additional relief. *Caliber Bodyworks, Inc. v. Super. Ct.*, 134 Cal. App. 4th 365, 377-78 (2005), *disapproved on other grounds by ZB, N.A. v. Super. Ct.*, 8 Cal. 5th 175 (2019); *ZB, N.A. v. Superior Ct.* (2019) 8 Cal. 5th 175, 198 ("[A] PAGA claim does not include unpaid wages under section 558.").

The Complaint does not suggest that Plaintiff is limiting recovery to PAGA penalties. Nor does it suggest that he is waiving claims to individual recovery for specific code violations. Rather, it explicitly requests damages beyond PAGA penalties, such as unpaid or underpaid wages, sums, statutory penalties, nonmonetary relief, and punitive damages.

> Plaintiff…requests and is entitled to recover penalties against Defendants for the Labor Code violations described above, including but not limited to penalties under California Code of Regulations Title 8 section 11010, penalties under California Labor Code sections 2699, 558, 210, 351, 1197.1, 226, 226.3, 226.8, 1174.5, and 1197.1, and any and all additional penalties and sums as provided by the California Labor Code and/or other statutes. The exact amount of the applicable penalties, in all, is in an amount to be shown according to proof at trial[.]

Compl. ¶ 59.

This language unambiguously requests "any and all" forms of penalties for the underlying code violations, including individual relief not recovered in single PAGA

actions. Moreover, Plaintiff's prayer for relief explicitly requests "civil penalties and wages," (Compl. at 14:23), "attorneys' fees for violation of California Labor Code sections," (*id.* at 14:23-26), and punitive damages, (Ex. 1 to Rillo Decl., Civil Cover Sheet at 1). Plaintiff concedes that this suit is worth far more than $1,200, asserting that this action involves an amount in controversy in excess of $35,000 and that he is seeking "monetary," "nonmonetary," and "punitive" remedies. Ex. 1 to Rillo Decl, Civil Cover Sheet at 1.

Plaintiff's Complaint makes plain that he intends to recover more than civil penalties and is pursuing multiple avenues to relief. The Court should include these additional amounts when calculating the total amount in controversy.

Sunnova calculated in its NOR that there is **$210,639.86** in controversy.[16] NOR ¶ 19. Because Plaintiff does not contest these calculations, he concedes that the underlying code violations, if aggregated, put at least this amount in controversy. *See generally*, Mot. at 6–9.

3. <u>Plaintiff Splits His Claims in Bad Faith to Expand His Recovery.</u>

Even if this Court finds that Plaintiff has not incorporated recovery for the underlying Labor Code violations into his Complaint, he should not be permitted to disaggregate the amount in controversy by separating his PAGA claim from the Class Action claims. Plaintiff has provided no colorable basis to split his claims, and this Court should reject his bad faith attempt at forum shopping.

Plaintiff's cited caselaw in support of his claim splitting is inapposite. *Baumann v. Chase Inv. Services Corp.* states only that the motivations for bringing a PAGA suit

[16] Plaintiff's allegations of meal and rest violations put $52,266.12 in controversy. NOR ¶ 12. His allegations of unpaid overtime adds $58,799.39. *Id.* ¶ 13. His allegations of final wages not timely paid adds $11,880. *Id.* ¶ 14. His allegations of failure to pay wages adds $41,566.38. *Id.* ¶ 15. His request for penalties for Defendant's alleged failure to provide complete and accurate wage statements adds another $4,000, raising the total amount in controversy for the underlying code violations to $168,511.89. *Id.* ¶ 16. Plaintiff's share of attorney's fees, assumed to be 25% of projected damages, is $ $42,127.97. *Id.* ¶ 17. With attorney's fees, the total amount in controversy is thus $210,639.86, a sum that Plaintiff does not dispute.

are different from those in a class action, not that the underlying facts or alleged legal violations are themselves different. 747 F.3d 1117, 1123-1124 (9th Cir. 2014). More importantly, *Baumann* does not discuss claim-splitting. Rather, the court held only that the district court "could not exercise jurisdiction over the removed PAGA action under CAFA," because a PAGA suit is not a class action. *Id.*

By contrast, PAGA suits brought separately from previously filed CAFA suits alleging the same underlying code violations may constitute impermissible claim splitting. Courts in this district analyze the intention of plaintiffs who separate their PAGA claims to determine whether they acted in bad faith. *Ariola v. Raytheon CA Techs. Corp.*, No. CV234664MWFAGRX, 2023 WL 5764296, at *1 (C.D. Cal. Sept. 6, 2023) (inferring that plaintiff split his claims based on the same facts "in an effort to have the PAGA Action avoid CAFA-based removal"); *Chavez v. Time Warner Cable LLC*, No. CV 12-5291-RGK (RZX), 2016 WL 1588096, at *3 (C.D. Cal. Apr. 20, 2016) (denying remand after finding that the plaintiff's conduct and delay in bringing the PAGA claims "suggests a bad faith attempt to defeat a second removal").

Plaintiff's reliance on *Evers v. La-Z-Boy Incorporated*, 2022 WL 4379311 (S.D. Cal. Sept. 22, 2022) is similarly misplaced. There, the Court held that the plaintiff did not improperly split his claims between a remanded class action and his PAGA suit in part because the two cases did not involve the same parties and the defendant could not "convincingly argue that Plaintiff [split his claims] to avoid CAFA's amount in controversy requirement and avoid federal court." *Id*. at *6.

Those circumstances do not exist here, where the parties are identical and Plaintiff has quite obviously split his claims to avoid federal court jurisdiction. District courts in the Ninth Circuit consistently reject plaintiffs' attempts "to 'game the system' by artificially splitting their claims and filing separate state actions when there is 'no colorable basis' for dividing up the claims." *Coffin v. Magellan HRSC, Inc.,* No. 19-CV-2047-BAS-NLS, 2020 WL 773255, at *2 (S.D. Cal. Feb. 18, 2020) (citing *Freeman*

*v. Blue Ridge Paper Prod., Inc.*, 551 F.3d 405, 409 (6th Cir. 2008)). In *Freeman*, plaintiffs filed five complaints that were "identical in all respects except for the artificially broken up time periods," and "put forth no colorable reason for breaking up the lawsuits in this fashion, other than to avoid federal jurisdiction." *Freeman v. Blue Ridge Paper Prod., Inc.*, 551 F.3d 405, 407 (6th Cir. 2008). The *Freeman* court held that "where recovery is expanded, rather than limited, by virtue of splintering of lawsuits for no colorable reason, the total of such identical splintered lawsuits may be aggregated." *Id*. at 409. Courts in this district have applied *Freeman* generally to aggregate claims "where there is 'no colorable basis for dividing the claims' other than to avoid federal jurisdiction," even where no claim is brought under CAFA. *Site Mgmt. Sols., Inc. v. TMO CA/NV, LLC*, No. CV 10-08679 MMM JEMX, 2011 WL 1743285, at *3 (C.D. Cal. May 4, 2011) (citing *Tanoh v. Dow Chemical Co.*, 561 F.3d 945, 955 (9th Cir.2009). There is no exception for cases such as this one, where a plaintiff "filed two separate complaints rather than add [the] PAGA claim to [the] first complaint." *Coffin*, 2020 WL 773255 at *2.

Here, Plaintiff has no colorable basis to bring the PAGA Action's sole claim separately from the claims in the Class Action and improperly expand his recovery. The PAGA Action and Class Action are virtually identical in all relevant respects; they involve the same parties, core facts, and underlying code violations. *Supra* II at 3:5-19. Rather than amend his Class Action Complaint to include the PAGA claim, Plaintiff filed the PAGA Action in state court while the motion to remand the Class Action was pending. His motivation could not be more clear: had this Court held that the damages alleged in Plaintiff's Class Action Complaint did not meet the jurisdictional minimum, the damages alleged in the PAGA Action would surely have tipped the total amount in controversy over the $75,000 threshold. Plaintiff revealed his motivation to file the two suits separately to avoid federal jurisdiction with his suspicious allegation in the PAGA Complaint that the amount in controversy does not exceed $75,000 (without providing

a binding declaration to that effect).

Plaintiff has transparently split his claims to avoid federal jurisdiction and it is within this Court's discretion to aggregate his requested damages. The Court should recognize Plaintiff's bad faith forum shopping, aggregate the PAGA damages with the Class Action, and deny Plaintiff's Motion to Remand.

| | 69 pay periods and $200 default penalty (max) | Additional Requested Penalties for Underlying Class Action claims |
|---|---|---|
| **(1) Failure to Pay Overtime:** California Labor Code sections 204, 510, 1194 and 1198. | $158,700 | $58,799.39 |
| **(2) Failure to Provide Meal Periods:** California Labor Code sections 226.7 and 512(a). | $131,100 | $26,133.06 |
| **(3) Failure to Provide Rest Periods**: California Labor Code section 226.7 and 512. | $131,100 | $26,133.06 |
| **4) Failure to Pay Minimum Wages** California Labor Code sections 1194, 1197, 1197.1 and 1198. | $96,450 | |
| **(5) Failure to Timely Pay Wages Upon Termination:** Labor Code sections 201 and 202 | $27,600 | $11,880 |
| **(6) Failure to Timely Pay Wages During Employment: Labor Code section 204 places at least $[13,800] in controversy.** | $13,800 | $41,566.38 |
| **(7) Failure to Provide Complete and Accurate Wage Statements:** | $68,250 | $4,000 |

| | | |
|---|---|---|
| **California Labor Code section 226(a)** | | |
| **8) Failure to Keep Complete and Accurate Payroll Records: California Labor Code section 1174(d).** | $500 | |
| **9) Failure to Reimburse Necessary Business-Related Expenses and Costs: California Labor Code 2800 and 2802.** | $27,600 | |
| **Labor Code sections 203, 226.8, 354, 558.** | $39,800 | |
| Total before Attorney's Fees | $694,900 | $168,511.89 |
| Attorney's Fees (25%) | $173,725 | $42,127.97 |
| Total | $868,625 | $210,639.86 |

**B. This Court Should Decline to Hear Plaintiff's Motion to Remand for Failure to Follow Local Rule 7-3.**

Plaintiff failed to comply with this Court's Local Rules governing the filing of his motion. Local Rule 7-3 requires that counsel contemplating the filing of any motion must first contact opposing counsel to discuss the substance of the contemplated motion at least seven days prior to the filing of the motion. *See* C.D. Cal. L.R. 7-3. If the moving party does not comply with Local Rule 7-3, the Court can refuse to hear the motion. *Id.*; *see, e.g., Singer v. Live Nation Worldwide, Inc.*, No. SACV 11-0427 DOC (MLGx), 2012 WL 123146, at *2 (C.D. Cal. Jan. 13, 2012) (denying motion due to the movant's failure to abide by Local Rule 7-3).

Plaintiff has not complied with Local Rule 7-3. The parties conferred regarding Plaintiff's motion on December 13, 2024. Plaintiff filed his Motion only five days later, on December 18, 2024, his deadline to file a motion to remand the PAGA action. Mot. at 9. Plaintiff did not wait the full seven days as required by L.R. 7-3, and the Court should exercise its discretion and decline to hear Plaintiff's Motion for his lack of

compliance.

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's Motion to Remand.

Respectfully submitted,

DATED: January 13, 2025

**BAKER BOTTS L.L.P.**

By: *__/s/ Christopher J. Rillo__*

Christopher J. Rillo (SBN 112009)
christopher.rillo@bakerbotts.com
Alison Karol Sigurdsson (SBN 308043)
alison.sigurdsson@bakerbotts.com
Raerani Reddy (SBN 340475)
rani.reddy@bakerbotts.com
Catherine Scott (SBN 334420)
catherine.scott@bakerbotts.com
BAKER BOTTS L.L.P.
101 California Street, Suite 3200
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Counsel for Defendant Sunnova Energy Corp.*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Sunnova Energy Corp. certifies that this brief contains 6,997 words, which complies with the word limit of L.R. 11-6.1.

DATED: January 13, 2025 By: /s/ *Christopher J. Rillo*
Christopher J. Rillo