ZACK I. DOMB, SBN 265185
E-Mail  zack@dombrauchwerger.com
DEVIN RAUCHWERGER, SBN 274234
E-Mail  devin@dombrauchwerger.com
MELISSA AVILA, SBN 286487
E-Mail  melissa@dombrauchwerger.com
**DOMB & RAUCHWERGER LLP**
1055 East Colorado Blvd., Fifth Floor
Pasadena, California 91106
Telephone: (213) 537-9225

Attorneys for Plaintiff
Jose Martinez

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARTINEZ, individually and on behalf of other aggrieved employees pursuant to the Private Attorneys General Act,<br><br>Plaintiff,<br><br>vs.<br><br>SUNNOVA ENERGY CORPORATION, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 2:24-cv-09960 MRA(MARx)<br><br>Assigned to:<br>Hon. Monica Ramirez Almadani<br>Courtroom: 10B<br><br>Discovery Magistrate:<br>Hon. Margo A. Rocconi<br>Courtroom 790<br><br>**AMENDED JOINT RULE 26(f) REPORT**<br><br>Complaint Filed: October 25, 2024<br>Removal: November 18, 2024<br>Response: November 24, 2024<br><br>Date: February 10, 2025<br>Time: 1:30 p.m.<br>Courtroom: 10B |

Pursuant to Fed. R. Civ. P. Rule 26(f) and order of the Court, on January 16, 2025, the parties, through their respective counsel, conferred via Microsoft Teams video conference the matters required under Rule 26(f) and as required by the Court's Order Setting Scheduling Conference, hereby submit their Joint Scheduling Conference Report:

1. **STATEMENT OF THE CASE**

<u>**Statement of Plaintiff Jose Martinez (hereinafter "Plaintiff")**</u>

Plaintiff Jose Martinez brings this Action pursuant to the Private Attorneys General Act ("PAGA") to seek civil penalties on behalf of the State of California for Defendant Sunnova Energy Corporation's violations of the California Labor Code that occurred within the statutory time period (one year) of Cal. Lab. Code §§2698-2699.8. These California Labor Code violations include: 1) Failure to Pay Overtime, 2) Failure to Provide Meal Periods, 3) Failure to Provide Rest Periods, 4) Failure to Pay Minimum Wages, 5) Failure to Timely Pay Wages Upon Termination, 6) Failure to Timely Pay Wages During Employment, 7) Failure to Provide Complete And Accurate Wage Statements, 8) Failure to Keep Complete and Accurate Payroll Records, and 9) Failure to reimburse necessary business expenses.

Plaintiff submitted his notice with the Labor and Workforce Development Agency ("LWDA") on June 25, 2024, and accordingly the "New PAGA[1]" rules apply, which include new rules related to capping penalties and to seeking penalties for derivative claims. See Cal. Lab. Code § 2699.5.

<u>**Statement of Defendant Sunnova Energy Corporation (hereinafter "Defendant" or "Sunnova"):**</u>

Sunnova disputes that it has committed any of the Labor Code violations alleged in Plaintiff's Complaint and maintains that it has no liability to Plaintiff or any others. This PAGA action is related to the wage and hour complaint pending before this Court: *Martinez v Sunnova Energy Corporation*, Case No. 2:24-06346-MRA-Mar, filed June 26, 2024 (the "Wage and Hour Action").

//
//

---

[1] The "New PAGA" is shorthand for the overhaul to the Labor Code Private Attorneys General Act of 2004 with the recent enactment of Assembly Bill 2288 and Senate Bill 92.

## 2. BASIS FOR THE COURT'S SUBJECT MATTER JURISDICTION

**Plaintiff's position:**

Plaintiff disputes subject matter jurisdiction, and has filed a Motion to Remand the matter to the Los Angeles Superior Court, given the lack of diversity jurisdiction, since the penalties under the single cause of action for PAGA cannot possibly exceed $75,000. Plaintiff does not allege any individual wage and hour causes of action in his PAGA only action, despite Defendant's position to the contrary.

**Defendant's position:**

Defendant removed this matter to federal court under Title 28 U.S.C. § 1331 alleging complete diversity between the parties and because Defendant contends that the matter in controversy as to Plaintiff Martinez exceeds $75,000. In addition, Plaintiff's Complaint plainly seeks compensation of the underlying wage and hour violations. The PAGA Complaint's Prayer for Relief on the First Cause of Action, for example, states that Plaintiff seeks "civil penalties and wages pursuant to California Labor Code sections 2699(a), (f) and (g) and 558 plus costs and attorneys' fees for violation of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 226.8, 351, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802…" (PAGA Complaint at 14:23-26). This Court has already denied Plaintiff's motion to remand the Wage and Hour Action on the grounds, *inter alia*, that the complaint pleaded the requisite jurisdictional amount. *See Martinez v. Sunnova Energy Corporation, supra,* Minute Order, dated November 25, 2024 (denying Plaintiff's motion to remand).

## 3. LEGAL ISSUES

The key legal issues in this case include 1) whether violations occurred; 2) the number of pay periods in which at least one violation occurred, 3) the number of aggrieved employees, and 4) whether and the extent to which Defendant has cured.

The parties are unaware of any unusual substantive, procedural or evidentiary issues in this matter beyond the previously filed Motion for Remand to State Court.

**4. PARTIES, EVIDENCE, ETC.**

**Parties**:  Plaintiff Jose Martinez, acting as a private attorney general on behalf of the state of California; Defendant Sunnova Energy Corporation; and DOES 1-50 (unidentified parties named pursuant to California Code of Civil Procedure 474).

**Percipient Witnesses**: Jose Martinez, others who have yet to be identified at this time, but who will be identified when Initial Disclosures are exchanged.

**Evidence**:  The key documents known to date include contemporaneous time and pay records showing the time that Plaintiff and the aggrieved employees worked and what they were paid by Defendant, and documents evidencing Defendant's policies and procedures related to the claims at issue.

**5. DAMAGES**

<u>Plaintiff's Estimate</u>: Plaintiff only seeks civil penalties under PAGA. Plaintiff's individual civil penalties are estimated at approximately $1,200 per type of violation. Plaintiff alleged 9 types of violations, three of which are derivative and thus likely not permitted under the new PAGA statute. Moreover, 65% of Plaintiff's penalties will go to the LWDA. Plaintiff's portion of the civil penalties is well under $75,000. The number of other aggrieved employees is unknown and therefore the total civil penalties that Plaintiff will seek is unknown at this time.

<u>Defendant's Estimate</u>: Defendant maintains that it has no liability to Plaintiff or any others. For purposes of damages, Defendant contends that the amount in controversy put at issue by Plaintiff's Complaint exceed $75,000 for Plaintiff alone. Contrary to plaintiff's contention, the PAGA Complaint seeks as damages the underlying wage and hours violations.

**6. INSURANCE**

Defendant has no insurance policy which covers the matters at issue in this claim.

**7. MOTIONS**

a) **Procedural:** Plaintiff has filed a Motion to Remand the matter to the Los Angeles Superior Court. Defendant has filed a Motion to Consolidate this action with the Wage and Hour Action before this Court, which Plaintiff has Opposed.

b) **Dispositive:** Plaintiff will oppose any dispositive motion filed by Defendant. Defendant intends to file a dispositive motion with regards to each of the claims asserted by Plaintiff.

c) **Class Certification motions:** none, n/a in this PAGA only matter.

**8. MANUAL FOR COMPLEX LITIGATION**

Plaintiff believes that the procedures contained in the manual for complex litigation are unnecessary as this case is not complex. Defendant contends that the matter is complex and the Manual for Complex Litigation will expedite procedures and conserve judicial and litigant economy, particularly in discovery practice.

**9. DISCOVERY**

a) <u>Status of Discovery</u>. The parties have yet to begin the formal written discovery process, as the matter was removed from the California Superior Court on November 18, 2024, and was thereafter subject to Plaintiff's Motion to Remand, which has yet to be heard by this Court and/or ruled upon. The parties need to review the Initial Disclosures to determine the scope of information to be sought in the discovery process, as the parties expect that most routine discovery documents relevant to the claims will be either exchanged or identified during the Disclosure process. The parties intend to take the depositions of each of the percipient witnesses identified above in subsection D. Plaintiff also intends to take the deposition of Defendant's Person Most Knowledgeable as a part of the pre-certification discovery process and both parties intend to take additional

depositions once the class certification motion has been heard by this Court.

Defendant believes that nearly all of the discovery required by Plaintiff in this case will be duplicative of the discovery requested in the Wage and Hour Action case. Discovery has not yet begun in this matter. In the Wage and Hour Action, the parties have exchanged discovery. Accordingly, defendant proposes that discovery deadlines and obligations align with the deadlines set in the Wage and Hour Action case to promote efficiency.

b) <u>Discovery Plan</u>. The parties have agreed to preserve all discoverable information in any form, whether electronic or otherwise. The parties believe that discovery should be conducted in accordance with the FRCP and local rules. The parties will meet and confer if modification of the rules are necessitated or requested as discovery proceeds. The parties plan to serve their disclosures via electronic delivery on or before January 30, 2025, in accordance with Fed. Rule of Civ. Proc. 26(a)(1)(C). The parties are currently unaware of any changes which should or need to be made in the disclosures under Rule 26(a).

One or both parties believe discovery may be needed concerning (a) Defendant's policies and procedures regarding compliance with relevant California wage and hour laws; b) Defendant's practices regarding compliance with relevant wage and hour laws; c) Defendant's Affirmative Defenses. The parties do not presently believe that discovery should be conducted in phases or otherwise limited. The parties are not presently aware of any orders which the Court should or must enter.

**Discovery Plan**:

    i. Initial Disclosures

Initial disclosures will be served on **January 30, 2025**

    ii. Depositions

No depositions have been set to date. Plaintiff anticipates noticing depositions after receiving responses to its initial written discovery. Defendant

intends to notice Plaintiff's deposition as soon as practicable.

      iii.  Written Discovery

  Both Parties intend to utilize requests for admissions, requests for production of documents, and depositions to conduct its discovery. The Parties have different anticipated cut-off dates pursuant to the Scheduling Order, filed Concurrently with this Report. Plaintiff proposes the completion of discovery by August 25, 2025. Defendant proposes November 20, 2025, as a completion cut-off date.

  c) <u>Discovery Cut-Off</u>. The parties have concurrently filed a Proposed Joint Discovery Plan indicating the possible areas subject to discovery and any issues related thereto. The parties have discussed and are unable to reach an agreement on cut-off dates delineated below, and have therefore separately proposed two sets of dates. Plaintiff proposes 8/25/2025, and Defendant proposes 11/20/2025.

  d) <u>Expert Discovery</u>. With respect to expert discovery, the Parties propose to meet and confer as to the use of expert witnesses after further discovery is taken and additional settlement discussions. The Parties propose that expert witness disclosures proceed according to FRCP 26(a)(2). The Parties propose that expert witness depositions be excluded from the deposition limit which is set forth in FRCP 30(a)(1)(A)(i). The parties have separately proposed cut-off dates, as delineated below. Plaintiff proposes 9/15/2025 as the initial date and 10/13/2025 as the rebuttal date. Defendant proposes 12/18/2025 as the initial date and 1/29/2026 as the rebuttal date.

  e) <u>Settlement Conference/Alternative Dispute Resolution</u>. The parties have scheduled a private mediation for this matter for March 17, 2025. Any further discussions about settlement should be reserved until a reasonable amount of discovery and/or disclosures are completed; these settlement discussions could be enhanced using an alternative dispute resolution method.

  f) <u>Trial</u>.

  i. **Preliminary Time Estimate:** The parties agree that trial last 5-7 days.

ii. **Jury/Court Trial**: Plaintiff has requested a trial by jury.

iii. **Consent to Trial Before a Magistrate Judge**: The Parties do not consent to trial before a magistrate judge in this matter.

iv. **Lead Trial Counsel**:

For Plaintiff: Zack I. Domb, Devin Rauchwerger, and Melissa Avila.

For Defendant: Christopher Rillo.

g) Independent Expert or Master. The parties do not believe that this is a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert. The parties are not presently aware of any likelihood of substantial discovery disputes or other issues which would require such an appointment.

h) Other Issues. The parties are presently unaware of any other issues affecting the status or management of the case and do not intend to make any proposals concerning severance, bifurcation, or other ordering of proof.

**10. TIMETABLE**

The parties have met and conferred regarding the timetables for the processing of this case, are unable to reach an agreement, and, therefore, are unable to complete the Schedule of Pretrial Dates Worksheet. Instead, they provide the table below with proposed deadlines from both Plaintiff and Defendant.

**Plaintiff's Statement:**

Plaintiff prefers to follow the rules of this Court and L.R. 16 and select a final pretrial conference within 12 months of the Scheduling Conference and work backwards to calculate dates. The single PAGA action case can be completed in that time frame.

**Defendant's Statement:**

Defendant believes that the discovery required in this action will be substantially covered in the Wage and Hour Action discovery such that there is no need for the deadlines to be different from the Wage and Hour Action.

Furthermore, the PAGA case liability is dependent upon Plaintiff's ability to establish liability and damages in the Wage and Hour Action. Thus, the two actions should operate on the same timeline even if not consolidated. Defendant's proposed dates below are identical with the schedule in the Wage and Hour Action schedule (Wage and Hour Action, Dkt. No. 22), with the only difference being the last date to hear motions to amend pleadings.

**Schedule of Pretrial Dates Worksheet**

| Event | Plaintiff's Proposed | Defendant's Proposed | Court Order |
|---|---|---|---|
| Final Pretrial Conference | 2/9/2026 | 5/28/2026 | |
| Opposition to Motions in Limine Filing Deadline | 1/19/2026 | 5/7/2026 | |
| Motions in Limine Filing Deadline | 1/12/2026 | 4/30/2026 | |
| Settlement Conference Completion Date [Private] | 1/5/2026 | 4/23/2026 | |
| Last Day to **HEAR** *Daubert* Motions | 12/15/2025 | 4/2/2026 | |
| Last Day to **HEAR** Non-Discovery Motions | 11/17/2025 | 3/5/2026 | |
| Expert Discovery Cut-Off | 11/3/2025 | 2/19/2026 | |
| Expert Disclosure (Rebuttal) | 10/13/2025 | 1/29/2026 | |

| Expert Disclosure (Initial) | 9/15/2025 | 12/18/2025 | |
|---|---|---|---|
| Non-Expert Discovery Cut-Off | 8/25/2025 | 11/20/2025 | |
| Last Date to *Hear* Motions to Amend Pleadings/Add Parties | 5/12/2025 | 5/12/2025 | |

Respectfully submitted,

DATE: January 27, 2025    **DOMB & RAUCHWERGER LLP**

By: */s/ Melissa N. Avila*
ZACK I. DOMB
DEVIN E. RAUCHWERGER
MELISSA N. AVILA
Attorneys for Plaintiff
Jose Martinez

DATE: January 27, 2025    **BAKER BOTTS L.L.P.**

By:*/s/ Christopher J. Rillo*
CHRISTOPHER J. RILLO
RAERANI REDDY
Attorneys for Defendant
SUNNOVA ENERGY CORPORATION

**ATTESTATION OF FILER**

I attest that the other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content, and have authorized the filing.

DATE: January 27, 2025          /s/ *Melissa N. Avila*
                                Melissa N. Avila, Esq.