UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

J S - 6

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-06346-MRA-MAR & 2:24-cv-09960-MRA-MAR | Date | March 7, 2025 |
|---|---|---|---|
| Title | Jose Martinez v. Sunnova Energy Corporation, et al. | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| <u>Gabriela Garcia</u> | <u>None Present</u> |
|---|---|
| Deputy Clerk | Court Reporter |
| <u>Attorneys Present for Plaintiffs:</u> | <u>Attorneys Present for Defendants:</u> |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND [PAGA ACTION, ECF 16] AND GRANTING DEFENDANT'S MOTION TO CONSOLIDATE CASES [CLASS ACTION, ECF 29]**

Before the Court are Plaintiff's Motion to Remand in *Martinez v. Sunnova Energy Corporation* (*PAGA Action*), No. 2:24-cv-09960-MRA-MAR (C.D. Cal. Dec. 18, 2024), and Defendant's Motion to Consolidate Cases in *Martinez v. Sunnova Energy Corporation* (*Class Action*), No. 2:24-06346-MRA-MAR (C.D. Cal. Dec. 20, 2024) (collectively, the "Motions"). *PAGA Action*, ECF 16; *Class Action*, ECF 29. The Court read and considered the moving, opposing, and reply papers and deemed the Motions appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **DENIES** the Motion to Remand and **GRANTS** the Motion to Consolidate Cases.

## I. **BACKGROUND**

Plaintiff Jose Martinez ("Plaintiff" or "Martinez") filed a putative class action (the "Class Action") against Defendant Sunnova Corporation ("Defendant" or "Sunnova") on June 26, 2024, in Los Angeles County Superior Court. *See generally Class Action*, ECF 1 at 8-37, Ex. A (Class Action Compl.). Martinez, who worked for Sunnova as an hourly, non-exempt solar technician, alleges that Sunnova violated the California Labor Code and engaged in unfair business practices stemming from its purported failure to pay overtime compensation, provide meal breaks and rest periods, pay minimum wage, provide accurate wage statements, maintain accurate time and payroll records, reimburse necessary business-related expenses, and pay reporting wages. Class Action Compl. ¶¶ 1, 16-42, 43-110. On July 26, 2024, Defendant removed the Class Action to federal court based on diversity jurisdiction. *Class Action*, ECF 1.

On August 26, 2024, Plaintiff moved to remand the Class Action, arguing that Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-06346-MRA-MAR &<br>2:24-cv-09960-MRA-MAR | Date | |
|----------|--------------------------------------------------|------|---|
|          |                                                  |      | March 7, 2025 |
| Title    | Jose Martinez v. Sunnova Energy Corporation, et al. | | |

has not established that the amount in controversy exceeds the jurisdictional threshold. *Class Action*, ECF 11-1 at 7. The Court held a hearing on the motion on October 3, 2024, issued an Order denying remand on November 25, 2024. *Class Action*, ECF 15, 25. The Court issued a Pretrial Scheduling Order on October 15, 2024. *Class Action*, ECF 22.

Plaintiff submitted a notice of violation to the Labor and Workforce Development Agency ("LWDA") on June 25, 2024. *PAGA Action*, ECF 21-1 (Rauchwerger Supp. Decl.) ¶ 2. On October 25, 2024, while Plaintiff's Motion to Remand the Class Action was pending, Plaintiff filed a civil action in Los Angeles County Superior Court asserting a single cause of action under the Private Attorney General Act ("PAGA") alleging the same underlying Labor Code violations as the Class Action (the "PAGA Action"). *PAGA Action*, ECF 1 ¶ 1, Ex. A (PAGA Compl.). Plaintiff's PAGA Complaint seeks "civil penalties and wages." PAGA Compl. ¶ 14. Defendant removed the PAGA Action on November 18, 2024. *PAGA Action*, ECF 1. The PAGA Action was reassigned to this Court on December 12, 2024. *PAGA Action*, ECF 13.

On December 18, 2024, Plaintiff filed the Motion to Remand the PAGA Action, arguing that the action should be remanded for lack of subject matter jurisdiction. *PAGA Action*, ECF 16. Defendant filed its Opposition on January 13, 2025. *PAGA Action*, ECF 17. Plaintiff filed a Reply on January 27, 2025. *PAGA Action*, ECF 21. On December 20, 2024, Defendant filed the Motion to Consolidate Cases. *Class Action*, ECF 29. Plaintiff filed his Opposition on January 17, 2025. *Class Action*, ECF 36. Defendant filed a Reply on January 27, 2025. *Class Action*, ECF 38.

## II.    REMAND OF THE PAGA ACTION

Plaintiff argues in his Motion to Remand the PAGA Action that the Court lacks subject matter jurisdiction over the PAGA Action because his PAGA claim and attorneys' fees do not exceed the $75,000 jurisdictional minimum amount in controversy. *PAGA Action*, ECF 16-1 at 8-9. He calculates the maximum penalty as $1,200 based on his single cause of action. ECF 16-1 at 9. Defendant opposes, arguing that Plaintiff's Complaint puts in controversy PAGA penalties in the amount of $694,000, in addition to $173,725 in attorneys' fees. ECF 17 at 17-23.

### A.    Legal Standard

"As a threshold matter, before determining whether consolidation is warranted, the court must consider whether it has jurisdiction over plaintiff's PAGA action such that it could order consolidation." *Blackwell v. Com. Refrigeration Specialists, Inc.*, No. 2:20–CV–01968–KJM–

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-06346-MRA-MAR &<br>2:24-cv-09960-MRA-MAR | Date | March 7, 2025 |
|----------|--------------------------------------------------|------|---------------|
| Title | Jose Martinez v. Sunnova Energy Corporation, et al. | | |

CKD, 2021 WL 2634501, at *3 (E.D. Cal. June 25, 2021). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardians Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Removal of a state action to federal court is proper only if the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* § 1447(c).

Where removal is sought based on diversity jurisdiction, the party asserting jurisdiction must show that (1) the parties are "citizens of different States," and (2) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *Id.* § 1332(a). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (describing the amount in controversy as what is "at stake in the litigation, whatever the likelihood that [plaintiff] will actually recover [that amount]"). "[T]his amount includes, *inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Gonzalez v. CarMax Auto Superstores, Inc.*, 840 F.3d 644, 648-49 (9th Cir. 2016).

In most cases, this amount is determined by "the sum demanded in good faith in the initial pleading[.]" 28 U.S.C. § 1446(c)(2). In a removal case "[w]here it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017) (quoting *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)); *see also* 28 U.S.C. § 1446(c)(2)(A)-(B). "Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 89. "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy has been satisfied." *Id.* at 88. "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (quoting *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-06346-MRA-MAR & 2:24-cv-09960-MRA-MAR | Date | March 7, 2025 |
|---|---|---|---|
| Title | Jose Martinez v. Sunnova Energy Corporation, et al. | | |

**B.    Analysis**

*1.    PAGA*

"California's Labor Code contains a number of provisions designed to protect the health, safety, and compensation of workers." *Kim v. Reins Int'l Cal., Inc.*, 9 Cal. 5th 73, 80 (2020). Employees may sue an employer for violating these provisions and obtain damages or statutory penalties, including double or treble damages. *Id*. "In addition, following the enactment of PAGA in 2004, employees may stand in the shoes of the Labor Commissioner and recover civil penalties for Labor Code violations." *Hamilton v. Wal-Mart Stores, Inc.*, 39 F.4th 575, 582 (9th Cir. 2022).

PAGA specifically provides that any Labor Code provision that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency (the "LWDA") "may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of the employee and other current or former employees or other current and former employees . . . pursuant to the procedures specified in Section 2699.3." Cal. Lab. Code § 2699(a). The aggrieved employee is required to give written notice of the alleged Labor Code violation to both the employer and the LWDA. *Id.* § 2699.3(a). The agency then has a right of first refusal over the claim. *Id.* § 2699.3(a)(2). If the agency declines to investigate the claim, does not respond to the aggrieved employee's notice within 65 days, or does not issue a citation within 120 days of announcing its decision to investigate the claim, the aggrieved employee may commence an action for civil penalties. *Id.* "In addition, to address violations for which no such penalty had been established, subdivision (f) of the statute created 'a default penalty and a private right of action' for aggrieved employees." *Garcia v. Commonwealth Fin. Network*, No. 20-CV-1483-BAS-LL, 2020 WL 6886267, at *3 (S.D. Cal. Nov. 24, 2020).

The California Legislature reformed PAGA in June 2024, with amended provisions applying to notices and civil actions filed or brought on or after June 19, 2024. *Id.* § 2699(v)(1)-(2). The reformed PAGA clarified that "[a]n aggrieved employee shall not collect a civil penalty for any violation of Sections 201, 202, 203, of the Labor Code," which includes claims for failure to pay all wages upon termination of employment. *Id.* § 2699(i). It also reduced the default penalty from $200 to $100 per aggrieved employee per pay period and the penalty for wage statement violations to $25 per pay period. *Id.* § 2699(f)(2)(A), (A)(i). Where "[t]he court determines that the employer's conduct giving rise to the violation was malicious, fraudulent, or oppressive," however, the default penalty is $200. *Id.* § 2699(f)(2)(B). The reforms also codified a one-year statute of limitations for PAGA claims. *See id.* § 2699(c)(1) (citing Cal. Civ.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-06346-MRA-MAR &<br>2:24-cv-09960-MRA-MAR | Date | |
| --- | --- | --- | --- |
| | | | March 7, 2025 |
| Title | Jose Martinez v. Sunnova Energy Corporation, et al. | | |

Proc. Code § 340); *cf. Johnson v. Maxim Healthcare Servs., Inc.*, 66 Cal. App. 4th 924, 929 (2021) (holding that an aggrieved employee whose individual claim is time-barred may still pursue a representative claim under PAGA). Further, the PAGA reforms revised the schedule of recovered civil penalties, providing that the LWDA recovers 65 percent of the penalties, and the aggrieved employee, the remaining 35 percent (up from 25 percent). Cal. Lab. Code § 2699(m).

### 2. *Preliminary Matters*

*Default Penalty and Scope.* Defendant assesses a default penalty of $200 per pay period, including for wage statement violations, and includes in its calculation penalties for failure to pay wages upon termination. *PAGA Action*, ECF 17 at 13, 19-21. Plaintiff argues that Defendant ignores the recent reforms to PAGA. *PAGA Action*, ECF 21 at 5-6. Because Plaintiff's PAGA exhaustion letter was sent on June 25, 2024, the PAGA reforms apply. *See PAGA Action*, Rauchwerger Supp. Decl. ¶ 2. As explained above, the reformed PAGA limits the penalty for wage statement violations to $25 per pay period and eliminates PAGA penalties for failure to pay wages upon termination. Further, although the reformed PAGA generally reduced the default penalty to $100, the default penalty is $200 for malicious, fraudulent, or oppressive violations. Here, the PAGA Complaint alleges that Defendant "willfully, knowingly, and intentionally" failed to pay wages. PAGA Compl. ¶ 44. "Malicious, wanton or oppressive conduct may be found by wrongful conduct done willfully, intentionally and in reckless disregard of its possible injurious consequences." *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1024 (9th Cir. 1985) (citing Cal. Civ. Code § 3294). Because Defendant's purported wage violations may rise to the level of malicious, fraudulent, or oppressive, the Court finds that a default penalty of $200 per pay period applies to Plaintiff's wage claims.

*Statute of Limitations.* Plaintiff's Complaint seeks recovery for violations that occurred "during his time of employment" with Defendant. PAGA Compl. ¶¶ 15, 20, 26, 44, 49. Nevertheless, Plaintiff contends for the first time in his Motion to Remand that only six of the 69 total pay periods during his employment fall within the one-year limitations period under the reformed PAGA and so limit the amount in controversy. *PAGA Action*, ECF 16-1 at 11. The Court previously explained, "statutes of limitations are affirmative defenses," and "[a]pplying a one-year limitations period to Plaintiff's claim . . . at this stage would require the Court to impermissibly weigh the merits of Defendant's potential affirmative defense prior to determining whether it has subject-matter jurisdiction. *Class Action*, ECF 25 at 6-7 (citations omitted). Attempting to distinguish the Court's prior holding, Plaintiff responds, without citing any supporting caselaw, that the statute of limitations under the reformed PAGA is no longer an affirmative defense, but rather "an actual component of PAGA and the statute itself." *PAGA*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-06346-MRA-MAR & 2:24-cv-09960-MRA-MAR | Date | March 7, 2025 |
|---|---|---|---|
| Title | Jose Martinez v. Sunnova Energy Corporation, et al. | | |

*Action*, ECF 21 at 9.   This argument is not persuasive as it is inconsistent with the statutory text. PAGA sets a one-year limitations period by defining "aggrieved employee" with reference to the general one-year statute of limitations set forth in California Code of Civil Procedure § 340.   Cal. Lab. Code § 2699(c)(1).   In other words, the statute of limitations under PAGA is indistinguishable from any other statute of limitations defense under state law.

Even if the statute of limitations under PAGA may ultimately limit the amount that will be recovered, it is "irrelevant to determining the amount that is at stake in the litigation."   *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 (9th Cir. 2020) (citation omitted); *see also Jauregui v. Roadrunner Transportation Servs., Inc.*, 28 F.4th 989, 994 n.6 (9th Cir. 2023) (explaining that reliance on various statutes of limitation to challenge a defendant's calculation of the amount in controversy "confuses the amount in controversy with the amount that will ultimately be recovered").   "[T]he fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim [that] reduce the amount recoverable below the jurisdictional requirement, will not justify remand."   *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938).   Because Plaintiff cannot rely on the statute of limitations to reduce the amount in controversy, the Court considers the amount placed in controversy by the alleged violations occurring during all 69 pay periods of Plaintiff's employment.

*Stacking.*   Plaintiff's Motion to Remand contends that his recovery is limited to PAGA penalties on "the single PAGA cause of action alleged in the Complaint."   ECF 16-1 at 8.   The PAGA Complaint tellingly alleges that the amount he "seeks on his own behalf in this lawsuit does not exceed $75,000."   PAGA Compl. ¶ 3.   Defendant responds that Plaintiff's Complaint puts PAGA penalties for 19 alleged Labor Code violations in controversy, and at least one PAGA penalty is recoverable for each alleged code violation for every pay period.   ECF 17 at 13-14.   In his Reply, Plaintiff effectively concedes that the PAGA Complaint cannot be reduced to a single cause of action, but nevertheless contends that Defendant incorrectly assumes that stacking— where a court can award a different PAGA penalty for each cause of action—permits Plaintiff to obtain multiple penalties for the same claim simply because the underlying conduct implicates multiple Labor Code provisions.   ECF 21 at 4, 6.

As an initial matter, the Court sets aside Plaintiff's attempts to artfully plead around removal.   *See Gritman Med. Ctr. Inc. v. Allscripts Healthcare Sols., Inc.*, No. 3:22-CV-00382-BLW, 2023 WL 1389374, at *2 (D. Idaho Jan. 30, 2023) ("[A] litigant who seeks to recover over $75,000 cannot duck the jurisdictional threshold simply by couching his claims in vague terms."); *Emsurgcare v. UnitedHealthcare Ins. Co.*, No. 2:24-CV-03654, 2024 WL 2892319, at *2 (C.D. Cal. June 7, 2024) ("Plaintiffs' bald assertion on the cover page of the complaint does not establish

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-06346-MRA-MAR & 2:24-cv-09960-MRA-MAR | Date | March 7, 2025 |
|---|---|---|---|
| Title | Jose Martinez v. Sunnova Energy Corporation, et al. | | |

that the amount in controversy is below $75,000 where the allegations themselves seek more than $75,000."). It agrees that Defendant confuses concepts, however. Courts have stacked PAGA penalties by cause of action (or in this case, by nature of violation), not by each Labor Code provision. *See, e.g.*, *Schiller v. David's Bridal, Inc.*, No. 1:10-CV-00616 AWI, 2010 WL 2793650 (E.D. Cal. July 14, 2010); *Smith v. Brinker Int'l, Inc.*, No. C 10-0213 VRW, 2010 WL 1838726, at *3 (N.D. Cal. May 5, 2010); *Salazar*, 2019 WL 2023726, at *6; *Snow v. United Parcel Serv., Inc.*, No. EDCV20025PSGAFMX, 2020 WL 1638250, at *3 (C.D. Cal. Apr. 1, 2020); *Garcia*, 2020 WL 6886267, at *4-8.

*Pro-Rata Share*. Defendant argues that the Court should consider the total amount of potential penalties, not just Plaintiff's pro-rata share, in calculating the amount in controversy. ECF 17 at 17. Defendant's reliance on the Ninth Circuit's decision in *Canela v. Costco Wholesale Corp.*, 971 F.3d 845 (9th Cir. 2020), in support of this proposition is misplaced. *See id.* *Canela* determined that the amount in controversy was *not* satisfied based on the plaintiff's pro-rate share of the total civil penalties, even including the amount of that share distributed to the LWDA. 971 F.3d at 852. In other words, even assuming the maximum amount of civil penalties arising from the plaintiff's individual claims, the court found that the plaintiff could not establish jurisdiction. It did not decide whether courts should consider the total amount of civil penalties or only that share to be distributed to the aggrieved employee. Instead, as Plaintiff notes, courts have generally considered only the plaintiff's stake in the share of penalties recovered by aggrieved employees. *See* ECF 21 at 7-9. The Court finds persuasive *Sloan v. IHG Management*, in which the district court found "no logical reason for courts to refuse to consider one portion of an award that the plaintiff will not recover (the other aggrieved employees' shares), but take into account another portion that the plaintiff will not recover (LWDA's share)." No. 19-CV-21-DMG (JCx), 2019 WL 1111191, at *2 (C.D. Cal. Mar. 11, 2019). Thus, the Court considers only Plaintiff's 35 percent pro-rata share of penalties under the reformed PAGA.

### 3. *Amount in Controversy*

As explained above, the Court assesses the potential penalties for each claim or type of violation alleged by Plaintiff in the PAGA Action.

<u>Failure to Pay Overtime in violation of California Labor Code §§ 204, 510, 1194, 1198</u>. Violations of section 204 and 1198 are calculated pursuant to the default civil penalty set forth under section 2699(f), which is $200 for malicious, fraudulent, or oppressive violations. Cal. Lab. Code § 2699(f)(2)(B)(ii); *see also Garcia*, 2020 WL 6886267, at *4. Violations of sections 510 and 1994 are $50 for the initial violation and $100 for each subsequent violation. Cal. Lab.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-06346-MRA-MAR & 2:24-cv-09960-MRA-MAR | Date | March 7, 2025 |
|----------|-----------------------------------------------|------|---------------|
| Title | Jose Martinez v. Sunnova Energy Corporation, et al. | | |

Code § 558.   Taking the greater of these two figures, the Court finds that the overtime violations place **$13,800** in controversy ($200 * 69 pay periods).

Failure to Provide Meal Breaks and Rest Periods in violation of California Labor Code §§ 226.7, 512(a).   Civil penalties for meal period and rest break violations of sections 226.7 and 512(a) are $50 per violation per pay period.   Cal. Lab. Code § 558.   Plaintiff argues that PAGA penalties are assessed per pay period, not per violation.   ECF 21 at 5.   It is true that the *default* penalty under PAGA is assessed per pay period.   *See* Cal. Lab. Code § 2699(f).   But the default penalty under PAGA is "provided . . . for violations of Labor Code sections that [do] not have their own [civil] penalty."   *Diaz v. A&R Logistics, Inc.*, No. 15CV0520 DMS (RBB), 2015 WL 11237469, at *3 (S.D. Cal. Sept. 16, 2015) (emphasis added).   The Court previously found that Defendant's assessment of a 100% violation rate was reasonable.   *Class Action*, ECF 25 at 5.   Thus, the amount placed in controversy by the meal period claims is **$62,150** ($50 + [$100 * 9 violations per pay period * 69 pay periods]) and the rest break claims is **$62,150** (same).

Failure to Pay Minimum Wages in violation of California Labor Code §§ 1194, 1197, 1197.1, 1198.   As explained above, the default penalty of $200 applies to malicious, fraudulent, or oppressive violations of section 1198.   Thus, the failure to pay minimum wages puts in controversy **$13,800** ($200 * 69 pay periods).

Failure to Timely Pay Wages During Employment and Upon Termination in violation of California Labor Code §§ 201, 202, 204.   Under the amended PAGA, an aggrieved employee can no longer collect civil penalties for any violation of sections 201 and 202.   However, the default penalty of $200 applies to malicious, fraudulent, or oppressive violations of section 204.   Thus, the failure to timely wages during employment puts in controversy **$13,800** ($200 * 69 pay periods).

Failure to Provide Complete and Accurate Wage Statements and Payroll Records in violation of California Labor Code §§ 226(a) and 1174(c), (d).   PAGA, as amended in June 2024, reduces the wage statement violations to $25 per pay period.   *See* Cal. Lab. Code § 2699(f)(2)(A)(i).   The amount in controversy as to the section 226(a) violations is therefore $1,725 ($25 * 69 pay periods).   Thus, the penalty for willful violation of section 1174(c) and (d) is $500.   *See id.* § 1174.5.   In total, the amount in controversy as to these violations is **$2,225**.

Failure to Reimburse Business Expenses in violation of California Labor Code §§ 2800 and 2802.   The default penalty under section 2699(f) applies.   Because this is not a wage claim, the penalty is only $100 per pay period.   Thus, the reimbursement violations put in controversy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-06346-MRA-MAR & 2:24-cv-09960-MRA-MAR | Date | March 7, 2025 |
|---|---|---|---|
| Title | Jose Martinez v. Sunnova Energy Corporation, et al. | | |

**$6,900** ($100 * 69 pay periods).

<u>Attorneys' Fees</u>.   As the Court explained in its prior Order, it is common to use 25 percent of funds as the benchmark for a reasonable attorneys' fee award.   *See Class Action*, ECF 25 at 9 (citation omitted).

The Court finds that the PAGA Complaint places more than $75,000 in controversy.   The table below captures the Court's calculations.

| Claim | Amount in Controversy |
|---|---|
| Failure to Pay Overtime | $13,800 |
| Failure to Provide Meal Periods | $62,150 |
| Failure to Provide Rest Breaks | $62,150 |
| Failure to Pay Minimum Wage | $13,800 |
| Failure to Timely Pay Wages During Employment | $13,800 |
| Failure to Provide Complete and Accurate Wage Statements | $1,725 |
| Failure to Maintain Complete and Accurate Records | $500 |
| Failure to Reimburse | $6,900 |
| Total PAGA Penalties: | $174,825 |
| **Pro-Rata Share (35%)** | **$61,188.75** |
| **Attorneys' Fees (25%)** | **$15,297.12** |
| **TOTAL** | **$76,485.87** |

**C.    Leave to Amend**

In his Reply, Plaintiff argues that in the event the Court finds that Plaintiff's PAGA penalties exceed $75,000, he should be granted leave to amend the PAGA Complaint to clarify that he only seeks to recover PAGA penalties for pay periods between June 25, 2023, and his termination date.   *PAGA Action*, ECF 21 at 13-14.   Plaintiff's counsel submits a supplemental declaration (the "Supplemental Declaration") attesting that Plaintiff intends to amend the PAGA Action Complaint as proposed.   *PAGA Action*, Rauchwerger Supp. Decl. ¶¶ 6, 9, 10.   Defendant filed Objections to the Supplemental Declaration, arguing that the evidence should be disregarded since Plaintiff cannot contest the amount in controversy by filing an amended complaint or declaration.   *PAGA Action*, ECF 23 at 2-4.   Plaintiff contests the Objections, but did not file a response.   *Id.* at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-06346-MRA-MAR & 2:24-cv-09960-MRA-MAR | Date | |
|---|---|---|---|
| | | | March 7, 2025 |
| Title | Jose Martinez v. Sunnova Energy Corporation, et al. | | |

Plaintiff relies on the Supreme Court's recent decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), to support its general position that a post-removal amendment to a pleading can divest a federal court of jurisdiction. *PAGA Action*, ECF 21 at 13. Defendant responds that *Royal Canin* is inapposite because it addressed only the jurisdictional impact of an amendment's subtraction of claims in the context of federal question jurisdiction, not diversity jurisdiction. *PAGA Action*, ECF 23 at 3. The Court agrees that Plaintiff misapplies *Royal Canin*.

In *Royal Canin*, a plaintiff brought a putative class action in state court against the manufacturer of prescription dog food alleging violations of the federal Food, Drug, and Cosmetic Act ("FDCA") and various state laws. 604 U.S. at 28. The defendant removed the case to federal court on the basis of federal question jurisdiction, properly bringing the FDCA claim and state-law claims to district court. *Id.* at 28-29. Because federal court "is not where [the plaintiff] wanted the case to be resolved," she "amended her complaint to delete its every mention of the FDCA, leaving her state claims to stand on their own." *Id.* at 29. She then moved to remand the case to state court. *Id.* The district court denied remand, but the Eighth Circuit reversed. *Id.*

The Supreme Court affirmed the decision below, holding that "[w]hen a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says." *Id.* at 30. With the elimination of the federal-law claims that formed the basis of removal jurisdiction, "the court's power to decide the dispute dissolves." *Id.* This "accords with a bevy of rules hinging federal jurisdiction on the allegations made in an amended complaint, because that complaint has become the operative one." *Id.* In other words, "[t]he reconfiguration accomplished by an amendment may bring the suit either newly within or newly outside a federal court's jurisdiction." *Id.* at 35-36. The Court reasoned that just as "[a]dding federal claims can create federal jurisdiction where it once was wanting," "so too, an amendment can either destroy or create jurisdiction in an original diversity case." *Id.* at 36-37. Specifically, "[t]he addition of a non-diverse party in such a case typically destroys diversity jurisdiction, requiring the case's dismissal. Conversely, the elimination of a non-diverse defendant by way of amendment ensures that a case can proceed in federal court, though it could not have done so before." *Id.* at 37 (internal citations omitted). In short, "federal jurisdiction—or its absence—follows from the amended complaint." *Id.* at 38.

The Court, however, distinguished its holding to preserve one long-recognized exception: "[i]n both original and removed cases, an amendment reducing the alleged amount-in-controversy to below the statutory threshold—like a post-filing development that makes recovering the needed amount impossible—will usually not destroy diversity jurisdiction." *Id.* at 38 n.8 (citing *St. Paul*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-06346-MRA-MAR & 2:24-cv-09960-MRA-MAR | Date | March 7, 2025 |
|----------|-----------------------------------------------|------|---------------|
| Title | Jose Martinez v. Sunnova Energy Corporation, et al. | | |

*Mercury*, 303 U.S. at 289, 292). That is, even where "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul Mercury*, 303 U.S. at 292. The Supreme Court explained in *St. Paul Mercury* that this "well established rule is supported by ample reason. If the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice." *Id.* at 294. *Royal Canin* recognized two features distinguishing the rule set forth in *St. Paul Mercury* governing post-removal amendments reducing the amount in controversy compared to the one announced related to the post-removal amendment eliminating federal claims: (1) "the rule more concerns a fact on the ground—that is, the value of a suit—than it does the plaintiff's selection of claims and parties," 604 U.S. at 38 n.8, and (2) "the rule responds to the difficulties of assessing a suit's value and the likelihood that the calculation will change over the course of litigation," *id.*

The Court agrees with *Royal Canin* that "[e]specially given that the alleged amount-in-controversy does not cap damages, 'constant litigation' over the matter, having the potential to alter a court's jurisdiction, 'would be wasteful.'" *Id.* (quoting *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 580-81 (2004)). Plaintiff's request for leave to amend for the explicit purpose of reducing the amount in controversy below the jurisdictional threshold clearly runs afoul of the Court's holding in *St. Paul Mercury* and is not at all aided by *Royal Canin*. Accordingly, the Court **DENIES** Plaintiff's Motion to Remand **with prejudice**.

## III.   **CONSOLIDATION**

Defendant's Motion to Consolidate Cases argues that pursuant to Federal Rule of Civil Procedure 42, the Class Action and PAGA Action should be consolidated because the two suits involve common questions of law and fact, and consolidation would promote efficiency and avoid unnecessary costs. *Class Action*, ECF 29 at 7-11. Plaintiff opposes, contending that consolidation will cause prejudice and delay because PAGA suits and class actions are fundamentally different. *Class Action*, ECF 36 at 3-5.

### A.    **Legal Standard**

Federal Rule of Civil Procedure 42(a) allows consolidation of action that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). District courts have broad discretion under Rule 42(a) to consolidate cases pending in the same district. *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855-56 (9th Cir. 2016). In determining whether to consolidate, "a court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-06346-MRA-MAR & 2:24-cv-09960-MRA-MAR | Date | March 7, 2025 |
|---|---|---|---|
| Title | Jose Martinez v. Sunnova Energy Corporation, et al. | | |

weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Paxonet Communications, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1028 (N.D. Cal. 2003).

**B.    Analysis**

*1.    Interest of Judicial Convenience*

Plaintiff does not seriously dispute that the Class Action and PAGA Action involve common questions of law and fact.    After all, both cases assert the same underlying Labor Code violations against the same Defendant.    *Compare* Class Action Compl. *and* PAGA Action Compl.    Plaintiff's observation that the cases do not involve "identical" questions of fact and law does not rule out consolidation.    ECF 36 at 5; *cf.* Fed. R. Civ. P. 42(a) (providing for consolidation where cases "involve *a* common question of law or fact," in the singular).

Courts in this circuit generally find that related class actions and PAGA suits are suitable for consolidation.    *See, e.g., Blackwell v. Com. Refrigeration Specialists, Inc.,* No. 220CV01968KJMCKD, 2021 WL 2634501, at *6 (E.D. Cal. June 25, 2021) (consolidating PAGA and CAFA actions where "both cases involve the same parties" and "the set of claims in one case is a near mirror of the other"); *Gong-Chun v. Aetna Inc.*, No. 1:09-CV-01995-SKO, 2012 WL 2872788, at *3 (E.D. Cal. July 12, 2012) (observing that PAGA and class actions were suitable for consolidation where the aggrieved employees in the former were also the putative class members in the latter, and the PAGA penalties sought "were necessarily dependent upon proof of the violations of the Labor Code alleged in" the class action); *Ariola v. Raytheon CA Techs. Corp.*, No. CV234664MWFAGRX, 2023 WL 5764296, at * (C.D. Cal. Sept. 6, 2023) (finding that unopposed consolidation of PAGA suit and class action "will aid judicial and party efficiency" and "help avoid delay, confusion, and prejudice" because "the two actions are based on the same underlying facts").

The Court finds persuasive and adopts as its own the reasoning set forth in these decisions. Where, as here, the PAGA suit and class action involve the same parties, same counsel, and same underlying facts, consolidation furthers the interest of judicial convenience because both actions are dependent upon proof of the same underlying Labor Code violations.    Consolidation will minimize duplicative discovery and motion practices, and otherwise generate efficiencies that benefit the parties and the Court.    *See, e.g., Davis v. Trans Union LLC*, No. 2:22-CV-05819-SPG-AS, 2023 WL 11983361, at *3 (C.D. Cal. Aug. 14, 2023) (finding that consolidation furthers judicial efficiency and minimizes costs); *Parker v. Country Oaks Partners, LLC*, No. 8:23-CV-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-06346-MRA-MAR & 2:24-cv-09960-MRA-MAR | Date | March 7, 2025 |
|---|---|---|---|
| Title | Jose Martinez v. Sunnova Energy Corporation, et al. | | |

00195-WLH-KES, 2024 WL 4868658, at * (C.D. Cal. Oct. 23, 2024) ("[C]onsolidation would save time and resources at other stages of litigation, including 'case management orders, and pre-trial motions[.]'").

### 2.    *Potential for Delay, Confusion, and Prejudice*

Defendant argues that there is no risk of prejudice, delay, or confusion caused by consolidation. *Class Action*, ECF 29 at 11. Plaintiff responds that "the extensive and complex discovery requirements for class certification, as well as the trial management issues and the calculation of damages for the Class Action, will delay the PAGA [Action], which does not require the same discovery plan, trial plan, or damages analysis." *Class Action*, ECF 36 at 6.

Because class actions, not PAGA suits, are governed by the strictures of Rule 23, there are certain fundamental differences between the two types of suits. *See Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1123 (9th Cir. 2014). "PAGA has no notice requirements for unnamed aggrieved employees, nor may such employees opt out of a PAGA action." *Id.* at 1122. There is no "inquir[y] into the named plaintiff's and class counsel's ability to fairly and adequately represent unnamed employees—critical requirements in federal class actions under Rules 23(a)(4) and (g)." *Id.* Further, "the finality of PAGA judgments differs distinctly from that of class action judgments," and "[t]he nature of PAGA penalties is also markedly different than damages sought in Rule 23 class actions." *Id.* at 1123.

In *Baumann*, the Ninth Circuit held that because of these fundamental differences, a federal court cannot exercise original jurisdiction over PAGA claims under the Class Action Fairness Act ("CAFA"). *Id.* at 1123-24. This holding was affirmed by the Ninth Circuit in *Canela v. Costco Wholesale Corporation*. 971 F.3d 845, 850-52 (9th Cir. 2020). Yet neither *Baumann* nor *Canela* addressed the propriety of consolidating a PAGA suit and related class action in federal court once jurisdiction over both is established. The Court finds that these differences, while fundamental for jurisdictional purposes, are less pertinent to the issue of consolidation. For example, that PAGA suits and class actions involve different real parties in interest is immaterial because consolidation "does not merge the suit into a single cause, change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933). Courts often consolidate cases even though different real parties in interest are involved. *See, e.g.*, *Dusky v. Bellasair Invs.*, No. SACV07-874DOC, 2007 WL 4403985, at *4 (C.D. Cal. Dec. 4, 2007); *Baron v. Galactic Co., LLC*, No. 123CV01067JLTCDB, 2023 WL 8358368, at *3 (E.D. Cal. Dec. 1, 2023). Nor is any difference between the relief sought in the two cases material to consolidation because relief in both cases is predicated on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-06346-MRA-MAR & 2:24-cv-09960-MRA-MAR | Date | March 7, 2025 |
|---|---|---|---|
| Title | Jose Martinez v. Sunnova Energy Corporation, et al. | | |

proof of the same underlying Labor Code violations. Plaintiff also contends that the manageability and notice requirements of Rule 23 will cause confusion and delay but does not cite any authority in support of this proposition or otherwise explain his reasoning. *Class Action*, ECF 36 at 6.

The Court recognizes that resolution of class certification in the Class Action may delay adjudication of the PAGA Action. But such delay is likely to be a matter of months, not years, because Plaintiff's motion for class certification must be filed by April 15, 2025, and heard on June 26, 2025. *See Class Action*, ECF 22. Plaintiff argues that because discovery has commenced in the Class Action but not the PAGA Action, "the timing of the actions are also fundamentally different" to "cause prejudice and potential for delay." *Class Action*, ECF 36 at 6. Again, this argument is underdeveloped and not tethered to the procedural realities of these cases. While the parties have commenced *class certification* discovery in the Class Action, it is set to conclude in approximately one month. *See Class Action*, ECF 22. Moreover, because this discovery is designed to determine whether an action should be maintained as a class action under Rule 23, *see Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975), the Court strains to see how this discovery process prejudices Plaintiff's ability to litigate the PAGA Action, especially since, as Plaintiff acknowledges, it is not governed by the certification requirements under Rule 23. *See* ECF 36 at 4, 6. To the contrary, if a class is certified, consolidation would only streamline discovery that goes to the merits of Plaintiff's claims in both cases and avoid duplication of efforts. The Court concludes that "[neither] case has proceeded markedly further than [the] other," such that "the risk of prejudice due to cases being at different stages of preparation is minimal." *Dusky*, 2007 WL 4403985, at *3.

The Court finds that consolidation will cause minimal delay, and absent any showing of prejudice or confusion, such delay does not outweigh the efficiencies realized through consolidation. Accordingly, the Court **GRANTS** the Motion to Consolidate Cases.

## IV.   CONCLUSION

For the foregoing reasons, the Motion to Remand is **DENIED** and the Motion to Consolidate Cases is **GRANTED**. The Clerk is directed to consolidate the above-captioned cases. The Clerk shall administratively close case no. 2:24-cv-9960-MRA-MAR. ***IT IS SO ORDERED.***

                                                                              -    :    -

Initials of Deputy Clerk          gga